Petition of RUSSELL BROS. TOWING CO., Inc., and Newtown Creek Towing Company, as charterer and owner respectively of THE tug RUSSELL 19, for exoneration from, or limitation of liability.

United States District Court
S. D. New York.
Nov. 3, 1961.

443

See also D.C., 199 F.Supp. 446.

Alexander, Ash & Schwartz, New York City, for petitioner; Edward Ash, Sidney A. Schwartz, New York City, Jay H. Kisloff, New York City, of counsel.

Burlingham, Hupper & Kennedy, New York City, Krusen, Evans & Byrne, Philadelphia, Pa., for Moore-McCormack Lines, Inc.; Eugene Underwood, Kenneth H. Volk, New York City, of counsel.

McGOHEY, District Judge.

Moore-McCormack Lines, Inc., whose vessel S.S. Mormacpride was involved in the collision out of which this proceeding arises, moves to dismiss the petition on the ground that it "was filed in this Court contrary to the mandate of Admiralty Rule 54 [28 U.S.C.A.] and [therefore] this Court is without jurisdiction."

The collision which occurred in the Delaware River on May 7, 1961, was be-

tween the Mormacpride and a flotilla consisting of the tank barge Pittston 2 and the tug Russell 19. The barge is owned by Forty-Nine Transfer Corp. The tug is owned by Newtown Creek Towing Company and on May 7 was under bareboat charter to Russell Bros. Towing Co., Inc.

On July 17, Moore-McCormack Lines filed a libel in the Eastern District of Pennsylvania, naming as respondents the tug, the barge, Newtown Creek Towing Co. and Forty-Nine Transfer Corp. A copy of that libel was received by mail in New York by counsel for Newtown Creek on July 18. On July 19, the instant petition was filed and an order was entered restraining prosecution of the Pennsylvania suit.

Rule 54 provides that if a vessel has been "libeled" or her owner "sued," the owner's petition for limitation *"shall* be filed" [emphasis supplied] in the district where the vessel was "libeled" or, if that has not occurred, in the district where her owner was "sued."

The tug Russell 19 has not been attached, nor has any claim or stipulation for value been filed, in the Eastern District of Pennsylvania.

■ The petitioners urge and I agree that, for a vessel to be "libeled" within the meaning of Rule 54, it must be seized and taken into control of the court. "The control of the *res* by the court is what the rules manifestly intend." 3 Benedict, Admiralty section 507, at 462 (6th ed. 1940). Judge Learned Hand regarded "libeled," used in this connection as meaning "arrested." See Algoma Cent. & H. B. Ry. Co. v. Great Lakes Transit Corp.[1] The tug Russell 19 was not "libeled."

■■ Newtown Creek urges that it has not been "sued" as required by Rule 54, since it has not been served with the libel in the Pennsylvania suit. Although actual control of the vessel is required in order that it be "libeled," it does not follow that actual jurisdiction of the person must be obtained by service of process in order that it be "sued" within the same Rule. The requirement of control of the vessel arises from the fact that the court's *in rem* jurisdiction to be effective at all must be exclusive.[2] This is not true of *in personam* jurisdiction. It seems enough, for compliance with Rule 54, that a suit be commenced, by the filing of a libel, in a district in which the owner is amenable to process. Gilmore & Black, The Law of Admiralty 680n (1957). This is apparent from the language of the rule itself, which later seems to equate "sued" with the commencement of suit. Newtown Creek does not challenge its amenability to suit in the Eastern District of Pennsylvania. I hold, therefore, that it has been "sued" in Pennsylvania, and that its petition for limitation should have been filed there.

■ This is not true, however, of Russell Bros. Towing Co., the charterer. It was not named in the Pennsylvania suit nor had it been sued elsewhere prior to the filing of the petition. Moore-McCormack argues that the commencement of its suit against the owner, Newtown Creek, in Pennsylvania also confined Russell Bros., the charterer, to that district, since the restrictions of Rule 54, by its terms, become operative when "the owner" is sued. This I think is a misreading of the Rule. A charterer is deemed the owner of a vessel within the meaning of the limitation statute, 46 U.S.C.A. § 186, and its right to petition for limitation is independent of the right of the actual owner. Thus although a joint petition was filed here, the charterer and owner could have filed separate petitions. See, for example, Petition of National Bulk Carriers, Inc.[3] Rule 54 speaks in terms of a single owner and a single petition; it can only be intended to restrict

---

1. 2 Cir., 86 F.2d 708, 709.

2. This is not diminished by the fact that a vessel is often libeled in several districts, having been released for a stipulation following each arrest. In that event the stipulation becomes the res, and it remains in the exclusive control of the court.

3. D.C., 143 F.Supp. 46, 47.

the venue choice of the "owner" who has been sued, without affecting the independent rights of others who may be deemed "owners." Since Russell Bros. had not been sued in any district, its petition was rightly filed here, the district in which, it alleged, the vessel was located.

■ These technical points, however, if blindly applied, could only lead to another round of time-consuming motions in another district. The Newtown Creek petition, since filed here improperly, could be dismissed. A new petition would then be filed in Philadelphia and Russell Bros.' petition would remain here. It seems too apparent to be debated that no court would or should allow two limitation proceedings involving the same vessel, the same issues of negligence and liability to grind on simultaneously in two districts. If the petition is dismissed as to Newtown Creek and it then files anew in Pennsylvania,[4] it will certainly move there to have it transferred back here and consolidated for the convenience of the parties. This, undoubtedly, is what should have been done in the first place. But while this court now has jurisdiction and control of these proceedings, there is no reason why it should not attempt to evaluate the factors involved in order to reach more expeditiously what appears to be an inevitable result.

Rule 54 allows transfer of a proceeding "to any district for the convenience of the parties." This is not limited, as under 28 U.S.C. § 1404(a), to a district where the proceeding could have been brought initially. New Jersey Barging Corp. v. T. A. D. Jones & Co., Inc.;[5] Petition of Clipper Fishing Corp.[6] If the court can transfer it anywhere, necessarily it must also be able to retain it anywhere.

Russell Bros., Newtown Creek, and Forty-Nine Transfer Corp., the owner of the barge, are New York corporations. Moore-McCormack Lines, while organized under the laws of Delaware, has its principal place of business in New York, which also is the home port of the Mormacpride. The Coast Guard investigation of this collision presumably took place in Philadelphia or its environs, but seven of the twelve witnesses who appeared and testified reside in or around New York City. New York is the home port of the tug Russell 19.

Meanwhile, in the limitation proceeding, Russell Bros. and Newtown Creek have filed a single ad interim stipulation for the value of the Russell 19. A commissioner has been appointed and a monition has issued. Allied Chemical Corp., the owner of the cargo laden on the barge Pittston 2, has answered the petition and filed a claim. Furthermore, the barge owner, Forty-Nine Transfer Corp., has filed suit here against Moore-McCormack, its vessel, the tug, Newtown Creek Towing Co. and Russell Bros. Towing Company.

At the time this motion was argued Moore-McCormack had not answered the petition nor filed a claim, but presumably it is prepared to do so if this motion is denied. Its time to do so has been extended by stipulation. Moore-McCormack has not indicated that it would be prejudiced by denial of this motion.

■ It is clear, therefore, that although the petition of Newtown Creek Towing Co. was wrongly filed here in the first instance, the sound administration of justice and the convenience of the parties now require that it be retained here. Accordingly, the motion to dismiss the petition is denied.

So ordered.

---

4. The six-month period during which a petition may be filed, 46 U.S.C.A. § 185, has not yet expired.

5. D.C., 135 F.Supp. 97.

6. D.C., 168 F.Supp. 130.