**FORTY-NINE TRANSFER CORP., as owner of THE Barge PITTSTON 2, Libellant,**

v.

**THE S.S. MORMACPRIDE, her engines, boilers, tackle, etc., Moore-McCormack Lines, Inc., THE Tug RUSSELL 19, her engines, boilers, tackle, etc., Newtown Creek Towing Co., and Russell Bros. Towing Company, Inc., Respondents.**

United States District Court
S. D. New York.

Nov. 3, 1961.

Foley & Martin, New York City, for libellant; John H. Hanrahan, Jr., New York City, of counsel.

Burlingham, Hupper & Kennedy, New York City, Krusen, Evans & Byrne, Philadelphia, Pa., for Moore-McCormack Lines, Inc.; Eugene Underwood, Kenneth H. Volk, New York City, of counsel.

McGOHEY, District Judge.

Moore-McCormack moves to dismiss this libel. The ground of the motion is that an earlier order of this court, in a related limitation proceeding[1] presently pending here, arising out of the identical collision involved in the instant suit, had "stayed and restrained" the "beginning or prosecution of *any* and *all suits*, actions, or legal proceedings of any nature or description whatsoever, except in the present proceeding, in respect of *any claim* arising out of, consequent upon, or in connection with said [collision]" (emphasis added).

The filing of this libel is certainly the "beginning" of a suit against each of the named respondents "in respect of [a] claim arising out of" the collision involved in the limitation proceedings. Accordingly, the libellant acted in violation of the express terms of the restraining order entered in those proceedings. It is immaterial, therefore, that neither Newtown Creek Towing Co. nor Russell Bros. Towing Company, Inc. has been cited to appear herein. The latter, however, are not seeking dismissal of the libel.

The injunction's scope, however, is indeed broader than the language of Admiralty Rule 51, 28 U.S.C.A., which in terms authorizes the restraint of only such suits as are brought "against the petitioner and/or said vessel in respect to

---

1. In the Matter of the Petition of Russell Bros. Towing Co., Inc. and Newtown Creek Towing Company, etc., Docket No. 61 Ad. 862 S.D.N.Y. Moore-McCormack's motion for dismissal of that petition has been denied in an opinion and order filed herewith. 199 F.Supp. 442.

any claim or claims subject to limitation in the proceeding." The claim asserted here against Moore-McCormack is not one which is subject to limitation in the aforementioned limitation proceeding. Neither does its assertion herein constitute a suit against "the petitioner and/or its vessel." Accordingly, it is not the kind of claim which Rule 51 was designed to reach. This, however, did not justify the libellant's violation of this court's outstanding order. See United States v. United Mine Workers.[2]

This libel is dismissed but the libellant is granted leave to file its claims in the limitation proceeding pending in this court, within thirty days of the date hereof.[3] Any order outstanding in that proceeding which by its terms requires such claims to be filed earlier is hereby modified to permit filing as herein provided.

So ordered.

---

2. 330 U.S. 258, 289 ff, 67 S.Ct. 677, 91 L. Ed. 884.

3. British Transport Commission v. United States, 354 U.S. 129, 77 S.Ct. 1103, 1 L. Ed.2d 1234; Moore-McCormack Lines, Inc. v. McMahon, 2 Cir., 235 F.2d 142.