**U. S. COAST GUARD VESSEL CG-95321.**

Petition of the **UNITED STATES of America, as owner of the United States Coast Guard Vessel CG-95321, for exoneration from or limitation of liability.**

No. 2321.

United States District Court
D. New Hampshire.
April 26, 1963.

John D. McCarthy, Acting U. S. Atty., Concord, N. H. for the United States.

George J. Dodd, Boston, Mass., for Mary Wicheski, Admx. Estate Walter Wicheski.

Morris D. Katz, Boston, Mass. and Robert D. Branch, Concord, N. H. for Eleanore . McCarthy, Admx. Estate Terrence McCarthy.

Bingham, Dana & Gould, Boston, Mass. and Sulloway, Hollis, Godfrey & Soden, Charles F. Sheridan, Jr., Concord, N. H., for Sheldon Kent and Sandra & Dennis Fishing Corp.

Harry Kisloff, Boston, Mass. for Maria do Carmo Costa, Admx. Estate Joseph Costa, Jr., Clarence R. Roberts, Dora Frances Roberts, Admx. Estate Calvin Roberts, Fred M. Thomas and Andrew P. Doyle, Co-Admr's. Estate Roger Deroches, Edgar, Lawrence Kent, Yves Adrien Redurdeau, Ellis Kendall and Judith Wycherski, a Minor by Fred M. Thomas, per power of attorney.

CONNOR, District Judge.

The claimant, Eleanore McCarthy, has moved that this proceeding commenced by the United States on June 19, 1962, to exonerate from or limit its liability, be transferred to the United States District Court for the District of Massachusetts. The petition arises out of the events of December 18 and 19, 1961, when the Fishing Vessel BARBARA and GAIL, which had lost its rudder and was in the tow of the subject Coast Guard Vessel CG–95321, ran aground and sank with the subsequent loss of five of the ten crew members. Twelve claims have been filed in this court pursuant to the petition.

A petition to exonerate from or limit liability has been filed in the United States District Court for the District of Massachusetts by the Sandra and Dennis Fishing Corporation, owner of the Fishing Vessel BARBARA and GAIL, as a result of a libel instituted against it by this claimant in that court and nine claims have been filed pursuant to the petition.[1] No proceedings had been instituted against the United States prior to the filing of their petition in this court. However, a libel was filed against the United States on June 20, 1962, the day after this petition was filed, in the Massachusetts District Court by one of the claimants. This latter suit has been enjoined as a result of an order of this court on June 19, 1962.

1. The difference in the number of claims before the two courts presumably stems from the fact that neither the United States nor Captain Sheldon Kent of the BARBARA and GAIL filed claims in Massachusetts making a total of nine claimants and a libellant there. Here both Captain Kent and the Sandra and Dennis Fishing Corporation have filed claims against the United States, a total of twelve claimants.

Thus there are two proceedings pending to determine alleged liability growing out of the events of December 18 and 19, 1961. The Massachusetts proceeding is concerned with the question of the liability of the Sandra and Dennis Fishing Corporation based upon negligence and the privity and knowledge of the corporation or its agents, while this proceeding is concerned with the liability of the United States based upon negligence and the privity and knowledge of the United States or its agents.

The jurisdiction of this court has not been challenged, but the claimant moves to transfer venue pursuant to 28 U.S.C. § 1404(a) or in the alternative pursuant to Admiralty Rule 54. I hold that 28 U.S.C. § 1404(a) is inapplicable and that this motion must be decided under Admiralty Rule 54. New Jersey Barging Corporation v. T. A. D. Jones and Company, Incorporated, 135 F.Supp. 97 (S.D.N.Y.1955); Petition of Clipper Fishing Corporation, 168 F.Supp. 130 (S.D.N.Y.1958).

In determining whether to transfer this proceeding, the test to be used appears in the following sentence of Rule 54:

"* * * The District Court may, in its discretion, transfer the proceedings to any district for the convenience of the parties. * * *."

The question is whether it will be for the convenience of the parties to transfer this proceeding to the District Court of Massachusetts, even though the United States has exercised the privilege authorized by Rule 54 to file their petition for exoneration or limitation of liability in this court.

I do not think that the convenience of the parties would be served by retaining this proceeding here. The home port of Coast Guard Vessel CG-95321 is New Castle, New Hampshire, and presumably some of their records are there and the crew is stationed there. But New Castle is no more convenient to Concord than it is to Boston. Additionally, it appears that certain records are maintained at the First District Coast Guard Headquarters in Boston and that while the vessel was assigned to duty along the entire New England Coast, most of its service was in and around Massachusetts. In fact, it left from Woods Hole, Massachusetts, on the morning of December 18, 1961, to render assistance to the BARBARA and GAIL. It also appears that the CG-95321 spends time in ports in Massachusetts and presumably any equipment inspection, repairs or general maintenance just prior to leaving Woods Hole was accomplished in Massachusetts.

All the claimants are residents of the New Bedford, Massachusetts area; the accident occurred in waters off Massachusetts; all the records of the Sandra and Dennis Fishing Corporation are in Massachusetts, as well, presumably, as many of the above-mentioned Coast Guard records; and the Coast Guard investigation took place in Boston.

The question of liability of the respondent Sandra and Dennis Fishing Corporation in Massachusetts is based upon negligence and the privity and knowledge of the Sandra and Dennis Fishing Corporation or its agents. Assuming that this relates to the loss of the rudder and not any subsequent conduct, it differs from the events upon which the United States' liability is predicated here. In this regard, the issues in the two cases will be based on independent grounds. However, the casualties occurred out of one continuous chain of events arising on December 18 and 19, 1961, and, if transferred, the two cases would undoubtedly be tried together.

In regard to the desirability of trying the two liability issues together, it has been suggested that a problem could arise involving the division of damages if both petitioners were found blameworthy. The inapplicability of the division of damages doctrine in this type of non-collision situation is not free from doubt, White Oak Transportation Company v. Boston, Cape Cod & New York Canal Company, 258 U.S. 341, 42 S.Ct. 338, 66 L.Ed. 649 (1922); Russell, Poling & Company v. United States, 140 F.Supp.

890 (S.D.N.Y.1956), and a single proceeding could obviously dispose of this question more expeditiously.[2] If the petition which has been filed here results in complete exoneration of the government, it would mean that the petition for exoneration filed in the District of Massachusetts would have to be heard with the likely duplication, at least to some degree, of witnesses and evidence, and the consequential drain upon the time of the courts.

. While this proceeding may be transferred to Massachusetts, the converse is not possible. It is clear that claimants here, including the Sandra and Dennis Fishing Corporation, have no connection whatsoever with New Hampshire. Were this case to be retained here and the motion to transfer renewed after the issue of liability was tried and found, I would be constrained to grant the motion to transfer to Massachusetts for determination of damages. In addition, the possibility of . impleading certain manufacturers of equipment used on the CG–95321 has been suggested and it has been represented that one of these is not registered to do business in New Hampshire.

The principal ground upon which the two claimants rely in opposing the motion is that the matter might well come to trial sooner here than it would were it to be transferred to Massachusetts. In fact, counsel representing these two claimants has indicated that there was no objection to the transfer if an earlier trial cannot be obtained here. Other counsel has represented that the suits there could possibly be tried this fall. There seems little probability that this case, if retained here, would be tried before that time and likely would not be reached before early 1964. Thus the important factor of a speedier trial, relied upon heavily in Petition of Oskar Tiedemann and Company, 158 F.Supp. 470 (D.Del.1957), and Petition of Texas Co., 116 F.Supp. 915 (S.D.N.Y.1953),

does not favor retention of the action here and even points toward the desirability of transfer.

Therefore, based on the fact that trial here would most likely not be reached before trial in Massachusetts, and for . the subsequent convenience of the parties, as well as the desirability for a single proceeding, I grant the motion to transfer, and it is so ordered.

---

2. It is quite possible that even if th transfer was denied and the United State found liable, it would then litigate th issue of the liability of the Sandra and Dennis Fishing Corporation or others under the cited authority.