UNITED STATES of America

v.

THOMAS APOTHECARY, INC., Hyman Harris, Paul Harris, Edward Hartman and Sanford Borgman, Defendants.

No. 67 Cr. 123.

United States District Court
S. D. New York.

April 10, 1967.

Robert M. Morgenthau, U. S. Atty., Southern District of New York, by Paul K. Rooney, Asst. U. S. Atty., for the Government.

Harold L. Luxemburg, New York City, for defendant Sanford Borgman.

## MEMORANDUM

BONSAL, District Judge.

Defendant Sanford Borgman moves for an order pursuant to Rules 8 and 14 of the Federal Rules of Criminal Procedure for an order permitting a separate trial of the counts of the information relating to him on the grounds that:

1. The information charges two or more offenses which are not of the same or similar character nor are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan as required by Rule 8(a) of the Federal Rules of Criminal Procedure.

2. The information does not allege that the defendants participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses as required by Rule 8(b) of the Federal Rules of Criminal Procedure.

3. It further appears that defendant Borgman is prejudiced by a joinder of offenses and of defendants in the information and for trial within the meaning of Rule 14 of the Federal Rules of Criminal Procedure.

The 19-count information herein charges all defendants with violations of Title 21 of the United States Code in the sale of drugs without a prescription. The corporate defendant is named in all counts. Counts 1, 2, 3 and 4 charge the corporation and defendant Paul Harris (a co-owner) with four sales of drugs on two different dates. Counts 5, 8, 9, 15, 16, 17 and 19 charge the corporation and defendant Hyman Harris (a co-owner) with seven sales on four different dates. Counts 6, 7, 10 and 11 charge the corporation and defendant Edward Hartman (an employee) with four sales on two different dates. Counts 12, 13, 14 and 18 charge the corporation and the moving defendant Borgman (an employee) with four sales on two different dates. The sales of six different drugs are alleged to have taken place within a period of approximately seven weeks, March 3, 1965 to April 19, 1965, all but three of the sales having taken place in a three-week period from March 3 to March 26. The sales all purportedly took place on the premises of the corporate defendant and the individual defendants are closely associated to each other as either co-owners or employees of the corporate defendant. With a slight variation between counts 1-15 and counts 16-19 due to the different drugs allegedly sold, all counts charge substantially the same violations. There is no overall conspiracy count.

Turning to the first ground of the motion, Rule 8(a) relates to "joinder of offenses committed by a single defendant." 8 Moore, Federal Practice, ¶ 8.05 [1] (2d ed. 1966). It provides that:

> Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged * * * are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.

The four offenses charged in the information against defendant Borgman all relate to violations of Title 21 in the sale of drugs without a prescription. Three counts of the information relate to sales on March 26, 1965 and the other count relates to a sale on March 31, 1965. Therefore, joinder of these four counts against defendant Borgman is clearly proper under Rule 8(a) as offenses of "the same or similar character" or as being based "on two or more acts or transactions connected together or constituting parts of a common scheme or plan."

The second ground of the motion, relating to joinder of *defendants* under

Rule 8(b), raises a more difficult question. Rule 8(b) provides that:

Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. * * *

Usually, joinder of defendants occurs where there is a general conspiracy charge. 8 Moore, supra, ¶ 8.06[2].

In some cases, however, defendants may be joined where their offenses are so closely related in time, place, and/or manner as to show a connection between them. United States v. Gilbar Pharmacy, Inc., 221 F.Supp. 160 (S.D.N.Y.1963). Here, as noted above, all counts of the information relate to sales that took place within a seven-week period, all counts charge substantially the same violations, and all defendants are closely associated with each other. As stated in *Gilbar*, which dealt with a factual pattern almost identical to the one presented by the present motion, "Because of the identity of the offenses, the proximity of their commission and the relation of the defendants to one another, the interests of justice require that they be tried together." 221 F.Supp. 163. See, United States v. American Stevedores, 16 F.R.D. 164 (S.D.N.Y.1954). Therefore, joinder of defendants is proper.

As for the third ground of the motion, Rule 14 provides in pertinent part that:

If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires.

Where joinder is otherwise proper under Rule 8, a motion for severance is directed to the discretion of the court and the burden of showing prejudice sufficient to warrant the granting of the motion is on the moving party. 8 Moore, supra, ¶ 14.02[1].

Defendant Borgman contends that, unless severance is granted, he would be prejudiced at trial by the accumulation of evidence of the unlawful practices of co-defendants, by the prolongation of the trial and the concomitant higher counsel fees, and by the difficulty the jury would encounter in intelligently considering the many charges involved. The Government, on the other hand, contends that it is entitled to present the full picture of the extended course of illegal conduct indicated by the information, particularly if the defenses of entrapment or mistake are raised; that if severance is granted, it would be prejudiced at a second trial by having to reveal the nature and extent of its evidence at the first trial; and that it should not be put to the time and expense of two or more trials.

Whatever the merits of these contentions and counter-contentions, courts have uniformly refused to grant severance where there were seemingly stronger reasons in support of the request than are presented here. United States v. Caron, 266 F.2d 49 (2d Cir. 1959); United States v. American Stevedores, supra. In United States v. Gilbar Pharmacy, Inc. supra, the motion for severance was denied with the suggestion that, "the prejudice suggested by joinder can be dealt with either by appropriate instructions at the trial or by other action which the trial judge might regard as warranted." 221 F.Supp. 163. In no event has defendant Borgman shown such prejudice as to warrant the granting of a severance at this early stage in the proceedings.

For the foregoing reasons, defendant Borgman's motion is denied in all respects.

It is so ordered.