**In the Matter of the Complaint of NOR-FOLK DREDGING COMPANY, as Owner of the Tug Swift and Barge RC–811 for Exoneration from or Limitation of Liability**

No. 2–02–CV–146.

United States District Court,
E.D. Virginia,
Norfolk Division.

June 10, 2002.

■■■■■■■■■

David Harlen Sump, Crenshaw Ware & Martin PLC, Norfolk, VA, for Plaintiff.

Carter T. Gunn, Vandeventer Black LLP, Ralph Rabinowitz, Rafel, Swartz & Taliaferro, Norfolk, VA, Thomas Brady Shuttleworth, II, Shuttleworth, Ruloff & Giordano, Virginia Beach, VA, Albert Davis Bugg, Jr., Rumsey & Bugg, Irvington, VA, Patrick Michael Brogan, Davey & Brogan, P.C., Deborah C. Waters, Carroll Arthur Rutter, Jr., Rutter, Walsh, Mills & Rutter, L.L.P., Peter George Decker, Jr., Decker Cardon Thomas Weintraub & Neskis, Norfolk, VA, for Claimants.

## MEMORANDUM OPINION AND ORDER

JACKSON, District Judge.

This matter is before the Court on motions by Gypsum Transportation Co., Buchanan Marine, L.P., and Beltship Management to transfer the instant matter to the United States District Court for the District of Maryland, or in the alternative to dismiss the case. For the following reasons, the Court **GRANTS** Defendants' motion to transfer.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On February 25, 2002, on the Elk River, in the approaches to the Chesapeake and Delaware Canal approximately 40 miles northeast of Baltimore, Maryland, a marine collision occurred between the M/V A.V. KASTNER, owned and operated by Gypsum Transportation Limited ("GTL"), the Tug BUCHANAN 14, owned and operated by Buchanan Marine, L.P. and/or the Buchanan Trust (collectively, "Buchanan"), and vessels and floating equipment owned and operated by Norfolk Dredging Company.

Since the accident, a number of actions were filed in the United States District Court in both the District of Maryland and the Eastern District of Virginia. In this Court, Norfolk Dredging filed (1) a Complaint against Buchanan on March 1, 2002, which has been stayed by a limitation action filed by Buchanan in the District of Maryland; and (2) a limitation action on March 5, 2002, with an amended filing submitted on March 7, 2002, to cure jurisdictional issues. In the District of Maryland, there are five actions pending before the court: (1) GTL filed a limitation action on April 8, 2002; (2) Buchanan filed a limitation action on March 15, 2002; (3) Buchanan filed a complaint against the M/V A.V. KASTNER on March 4, 2002, to which GTL has filed a counterclaim against Buchanan; (4) Norfolk Dredging filed a complaint against the M/V A.V. KASTNER on March 1, 2002, to which GTL answered, filed a counterclaim, and a third party complaint against the Tug BUCHANAN 14, to which Buchanan filed counterclaims against both Norfolk Dredging, the A.V. KASTNER, and GTL,[1] and (5) an action to Perpetuate Testimony Pursuant to Federal Rule of Civil Procedure 27 filed by Buchanan on February 27, 2002, which was supported by Norfolk Dredging to take place in Baltimore. In the latter action, depositions were taken in Baltimore on March 2nd and March 3rd aboard the A.V. KASTNER.[2]

---

1. Norfolk Dredging has filed a motion to transfer this action to the Eastern District of Virginia.

2. Although the depositions are completed, certain navigation equipment which the court ordered to be preserved is in the custody of counsel in Maryland, and this action remains pending.

On March 22, 2002, Norfolk Dredging filed a motion to transfer its action against the M/V A.V. KASTNER and the Buchanan limitation action from the District of Maryland to the Eastern District of Virginia. GTL opposes this motion and on the same day filed a motion in the District of Maryland to consolidate all the pending actions in that court.

On April 9, 2002, GTL filed a Motion to Dismiss or Transfer the limitation action filed by Norfolk Dredging in this Court. Buchanan and Beltship Management ("Beltship") filed additional motions to dismiss or transfer and substantially relied upon GTL's supporting memorandum to support the motions. Gyspum makes two arguments against venue lying in the Eastern District of Virginia. First, GTL argues that Norfolk Dredging failed to comply with the requirements of Supplemental Rule F(9) when it filed the instant action, therefore, at the time the instant matter was filed, the District of Maryland was the only proper venue for the action. Second, because the collision occurred in Maryland, the rescue and salvage operations are in Maryland, and the non-party witnesses are located in Maryland, within the District of Maryland's subpoena power, Maryland is the more appropriate venue for the instant limitation action filed by Norfolk Dredging. Norfolk Dredging filed opposing memorandum to GTL's motions.

On April 29, 2002, the pending actions in the District of Maryland were consolidated.[3] On June 10, 2002, the Court heard oral argument on the instant motion to dismiss or transfer. The matter is now ripe for determination.

## II. LEGAL STANDARD

■ When a motion to transfer is filed in an action in admiralty, Supplemental Rule F(9) applies, rather than 28 U.S.C. § 1404(a). *In re U.S. Coast Guard Vessel,* 221 F.Supp. 163, 165 (D.N.H.1963) (holding that 28 U.S.C. § 1404(a) is inapplicable and that a motion to transfer must be decided under former Admiralty Rule 54). The Admiralty, Maritime Claims Supplemental Rule F(9) of the Federal Rules of Civil Procedure provides:

> The complaint shall be filed in any district in which the vessel has been attached or arrested to answer for any claim with respect to which the plaintiff seeks to limit liability; or, if the vessel has not been attached or arrested, then in any district in which the owner has been sued with respect to any such claim. When the vessel has not been attached or arrested to answer the matters aforesaid, and the suit has not been commenced against the owner, the proceedings may be had in the district in which the vessel may be, but if the vessel is not within any district and no suit has been commenced in any district, then the complaint may be filed in any district. For the convenience of parties and witnesses, in the interest of justice, the court may transfer the action to any district; if venue is wrongly laid the court shall dismiss or, if it be in the interest of justice, transfer the action to any district in which it could have been brought.

Fed.R.Civ.P. Supp. R. F(9) (formerly Admiralty Rule 54).

■ "The factors to be considered by this court in determining whether a transfer is appropriate under Supplemental Rule F(9) are the same as those developed by the federal transfer statute, 28 U.S.C. § 1404(a). *In re Alamo Chem. Transp. Co.,* 323 F.Supp. 789, 791 (S.D.Tex.1970); *see also* Wright & Miller, Federal Practice and Procedure: Civil § 3253 n. 15. These

---

**3.** Civil Action No. 1:02cv662, pending before the Honorable William M. Nickerson, United States District Judge for the District of Maryland, located in Baltimore, Maryland.

criteria include: (1) the convenience of the parties; (2) the convenience of material witnesses; (3) the availability of process to compel the presence of witnesses; (4) the cost of obtaining the presence of witnesses; (5) the relative ease of access to sources of proof; (6) calendar congestion; (7) where the events in issue took place; and (8) the interests of justice in general." *In re TLC Marine Serv.*, 900 F.Supp. 54, 56 (E.D.Tex.1995) (citing *Gundle Lining Const. v. Fireman's Fund Ins.*, 844 F.Supp. 1163, 1165 (S.D.Tex.1994)) (citing *St. Cyr. v. Greyhound Lines, Inc.*, 486 F.Supp. 724, 727 (E.D.N.Y.1980)); *see also In re the Complaint of American President Lines, Ltd.*, 890 F.Supp. 308, 315 (S.D.N.Y.1995). Other factors that inform the Court's inquiry are intermingled with these considerations. Included are the original choice of forum, the existence of a forum selection clause, the relative familiarity of the courts with the applicable law, the enforceablility of the judgement, judicial economy, and the public interest in the local adjudication of local controversies. *See* MOORE'S FEDERAL PRACTICE, § 111.13[1][b]. The Court has considered these factors in addition to those enumerated in *In re TLC Marine Service*.

■ "The party seeking transfer ordinarily bears the burden of clearly establishing that the transfer is appropriate and that the motion should be granted. In the ordinary case, the party seeking transfer is required to specify what evidence and witnesses it intends to rely on and show that the balance of convenience weighs heavily in its favor." *American President Lines*, 890 F.Supp. at 315 (citing *Factors, Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215, 218 (2d Cir.1978), *cert. denied*, 440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455 (1979); *Rolls–Royce Motors, Inc. v. Charles Schmitt & Co.*, 657 F.Supp. 1040, 1060 (S.D.N.Y.1987)).

## III.  ANALYSIS

### A.  Whether Venue was Improper at the Initiation of the Proceedings because Norfolk Dredging did not Follow the Requisites of Supplemental Rule F(9)

GTL argues that because venue was not proper when Norfolk Dredging filed its limitation action pursuant to Supplemental Rule F(9), the Court is required to either dismiss the Complaint or transfer the action to the appropriate venue. Fed. R.Civ.P. Supp. R. F(9) ("if venue is wrongly laid the court shall dismiss or, if it be in the interest of justice, transfer the action to any district in which it could have been brought").

When Norfolk Dredging filed the instant limitation action, it relied upon the third venue provision of Supplemental Rule F(9) which provides that "[w]hen the vessel has not been attached or arrested to answer the matters aforesaid, and the suit has not been commenced against the owner, the proceedings may be had in the district in which the vessel may be ...." As of March 5, 2002, no vessel had been attached and no action was pending against Norfolk Dredging. Thus, venue is proper in the district where the vessel was located at the time the suit was filed.

GTL points out that on March 5, 2002, when the original Complaint by Norfolk Dredging was filed, the Tug SWIFT was in the Eastern District of Virginia, but the Barge RC–811 was not. In addition, on March 7, 2002, when Norfolk filed the Amended Complaint, the Barge BC–811 was allegedly en route to but still was not within the Eastern District of Virginia. The Barge BC–811 arrived in the Eastern District of Virginia on March 9, 2002. On either date, Barge BC–811 was within the District of Maryland and not within the Eastern District of Virginia, as set forth in the Amended Complaint.

The Court finds that a determination of whether venue was improperly laid by Norfolk Dredging in the first instance does not impact the Court disposition of the matter before it. Accordingly, the Court declines to address this issue and will rely upon its discretion to transfer the instant case to the District of Maryland in the interest of justice.

**B. Motion to Transfer**

█ Currently, there are related actions pending in the District of Maryland and the Eastern District of Virginia. It is necessary that either the action pending in the District of Maryland or the action pending in this district must be transferred to permit the entire case be litigated in one forum. *Petition of Russell Bros. Towing Co.*, 199 F.Supp. 442, 445 (S.D.N.Y.1961) ("It seems too apparent to be debated that no court would or should allow two limitation proceedings involving the same vessel, the same issues of negligence and liability to grind on simultaneously in two districts."). Thus, the Court not only must determine whether the interests of justice require the transfer to the District of Maryland as the more appropriate venue, but must do so in light of a comparison between the two forums as venues for the action in its entirety. Even if venue were properly laid by Norfolk Dredging in the Eastern District of Virginia, the Court, in the interest of justice, finds it proper to undertake an assessment of the factors informing the inquiry whether the transfer is warranted in the "interest of justice" as provided for by Supplemental Rule F(9).

First, the Court will assess the convenience of the parties to litigate in the District of Maryland and the Eastern District of Virginia. At this time, two actions are pending in the Eastern District of Virginia, and one consolidated action consisting of five actions is pending in the District of Maryland. In addition to limitation actions and the suits between Norfolk Dredging, Buchanan, GTL, and Beltship, individual claimants have filed personal injury actions stemming from the collision in each district. All parties are involved in actions in each district. Norfolk Dredging asserts that its place of business is in Norfolk, Virginia, therefore, it would be more convenient for it to litigate in this district. In addition, the parties filing claims pursuant to the limitation action, reside either in Virginia or in areas south of Virginia, and claim that it would be more convenient for them to litigate in the Eastern District of Virginia. The claimants have claims filed in the Circuit Court for the City of Norfolk and argue that if the instant action were retained in the Eastern District of Virginia, then the discovery could run concurrently for both the state and federal actions.

GTL and Buchanan filed their limitation actions in the District of Maryland and resulting claims and cross claims were filed in the District of Maryland. GTL, Buchanan, and Beltship claim that the District of Maryland and the Eastern District of Virginia are equally convenient. GTL and Buchanan also point out that Norfolk Dredging, although its primary place of business is in Virginia, does substantial business in Maryland. The claimants claim that the Eastern District of Virginia is more convenient for them to litigate because they live in or south of Virginia. The personal injury claimants have also initiated claims against GTL and Buchanan in the District of Maryland. In addition, the claimants maintain that retaining the action in the Eastern District of Virginia will permit parallel discovery with the state court actions pending in the Circuit Court for the City of Norfolk.

The Court finds that the issue of the convenience of the parties does not favor

substantially either district over the other. First, all parties have exhibited amenability and ability to engage in litigation in either forum as evidenced by the pending actions in both districts. Second, the District of Maryland is not·so far geographically removed to prohibit any party substantially similar access to the court and the litigation. Although transferring the litigation to the District of Maryland might involve more travel time on the part of some of the claimants, the role of many with regard to the litigation is for purposes of damages calculation and not for purposes of determining liability. *Matt v. Baxter Healthcare Corp.*, 74 F.Supp.2d 467, 470 (E.D.Pa.1999) (citing *Kahhan v. City of Fort Lauderdale*, 566 F.Supp. 736, 739 (E.D.Pa.1983)). Finally, the claimants will be required to participate in one deposition in the consolidated action, regardless of where the litigation might take place. Accordingly, the convenience of the parties factor might facially appear to favor retaining the action in this district, however, when examined more thoroughly, it does not weigh sufficiently to retain the instant matter in this district and thus prevent the entire case from being consolidated and tried in the venue where the incident occurred.

Second, the Court must evaluate whether the convenience of material witnesses favors the District of Maryland over the Eastern District of Virginia, which is a primary significant factor. The location of non-party witnesses is determinative. *Gundle Lining Constr. Corp. v. Fireman's Fund Ins. Co.*, 844 F.Supp. 1163, 1166–67 (S.D.Tex.1994) ("It is the convenience of non-party witnesses, rather than that of employee witnesses, however, that is the more important factor and is accorded greater weight."). GTL attaches to its memorandum in support of its motion to transfer a list of witnesses, the bulk of whom reside in Maryland. Norfolk contends that these witnesses are either not likely to testify, or do not have material testimony in the case. GTL maintains that the witnesses located in the District of Maryland will provide factual testimony about the circumstances surrounding the collision and anticipates that their testimony will be critical.

All non-party witnesses in this matter are residents within the District of Maryland. To compel the presence·of the witnesses, any non-party witness would not be within the subpoena power of this Court, however, all such witnesses are within the subpoena power of the District of Maryland. This factor weighs heavily in favor of transferring venue of the instant action to the District of Maryland because if the necessity arose that any witness must be compelled to appear, the District of Maryland would be in the superior position to require their appearance. Relatedly, the factor of cost of obtaining the presence of the witnesses also weighs in favor of transferring the matter to the District of Maryland because the proposed witness list contains several names of witnesses, all of whom would have to travel to the Eastern District of Virginia for the litigation.

Of primary significance to the Court, is that the collision took place in the Chesapeake Bay waters, north of Baltimore, Maryland, within the District of Maryland. The district court in Maryland has a specific interest in overseeing matters that occurred within its jurisdiction, specifically because issue of liability emerged from events that took place within the District of Maryland. As both actions are pending in federal courts pursuant to admiralty jurisdiction and both courts are experienced with admiralty and maritime matters, each district is equally equipped to adjudicate the matter. The location of the physical evidence does not weigh heavily in one forum over the other because docu-

mentary evidence is easily transported to any jurisdiction and there is not indication that the presence of any of the vessels is required in the litigation. Also, there appears no issue of calendar congestion to suggest to the Court that either venue is preferable on this factor. Furthermore, the judgment of either court is equally able to be enforced.

 "While a plaintiff's choice of forum is ordinarily accorded considerable weight, 'the plaintiff's choice of forum is given little weight when none of the conduct complained of occurred in the forum selected by the plaintiff and said forum has no connection with the matter in controversy.'" *Dicken v. United States*, 862 F.Supp. 91, 93 (D.Md.1994) (quoting *Mims v. Proctor and Gamble Distributing Co.*, 257 F.Supp. 648, 657 (D.S.C.1966)). The sole connection the issue of liability has with the forum is that Norfolk Dredging and four of the claimants reside within the Eastern District of Virginia. Norfolk Dredging also argues that the privity and knowledge of the vessel owners is central to the limitation action and such issues arose in the Eastern District of Virginia. The Court, however, finds that this connection is insignificant when considered against the fact that the incident occurred in the District of Maryland, almost all non-party witnesses reside in the District of Maryland, and a majority of the litigation is pending as a consolidated matter in the District of Maryland.

The "interest of justice" does not provide the Court with any compelling reason the instant matter should be retained in this district, outside the fact that Norfolk Dredging initially selected this venue for its limitation action. Although the Court accords some deference to a plaintiff's preferred venue, the countervailing interests compel the Court that this matter is more properly heard in the District of Maryland. It is apparent to the Court that judicial economy requires that these actions be consolidated and litigated in one forum. The Court, in the interest of judicial economy, exercises its discretion to transfer the instant matter to the District of Maryland to enable the expeditious adjudication of the case.[4]

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Transfer and the above-captioned matter is **TRANSFERRED** to the District of Maryland, Baltimore Division.

The Clerk is **DIRECTED** to send a copy of the Memorandum Opinion and Order to the parties.

IT IS SO **ORDERED**.

---

4. The Court finds that there was no forum selection clause to consider in its inquiry.