**Petition of DIESEL-TANKER A. C. DODGE, Inc., et al.
THE A. C. DODGE.
No. 19971.**

United States District Court
E. D. New York.
Jan. 13, 1954.

Foley & Martin, New York City, by John J. McElhinney, New York City, for petitioners.

Haight, Deming, Gardner, Poor & Havens, New York City, by McDonald Deming, New York City, for S. S. Michael.

Brenner, Butler & McVeigh, New York City, by Timothy V. Smith, New York City. Thomas M. Breen, New York City, for Various Death and Personal Injury Claimants.

Cantor & Opper, New York City, by George Halpern, New York City, Greenhill & Greenhill and Freedman, Landy & Lorry, Philadelphia, Pa., by Abraham Freedman, Philadelphia, Pa., for Various Death and Personal Injury Claimants.

BYERS, District Judge.

This is a motion by the petitioners in a limitation proceeding to transfer it to the United States District Court for the District of Maryland.

The reason stated for the motion is that a collision cause instituted in that court on June 9, 1952 by the owners of the Tanker Dodge (these petitioners) against the S. S. Michael—alleged to be the offending vessel—is about to come to trial, and that all controverted issues can be most conveniently disposed of in a consolidation for trial of this proceeding and that cause.

The limitation petition was filed November 24, 1952 in this court, as the result of the institution of several civil suits in the New York Supreme Court against the petitioners.

The matters in controversy derive from a collision in the Delaware River

on May 25, 1952 below Philadelphia, in New Jersey waters, between the S. S. Michael, claimed by J. M. Carras, Inc., and the M. V. A. C. Dodge, as a result of which the latter sank, with the loss of all but one of her crew. The Michael proceeded to Baltimore for repairs, and was there arrested in the collision cause, at the instance of the owners of the Dodge. Thus the jurisdiction of the Maryland District Court.

The said suits against the owners of the Dodge resulted in the filing of the pending limitation proceeding as has been stated, and it appears that numerous claims have since been filed, including that of the owner of the Michael.

All claimants oppose the granting of the motion, alleging the increased cost which would be visited upon them if they should be forced to proceed to Baltimore for trial.

It is not disputed that all claimants would have been unable to bring civil suit against these petitioners, in the United States District Court for Maryland, within the provisions of Admiralty Rule 54, 28 U.S.C.A.

It is argued in opposition to the motion, that for this reason the motion should be denied on the theory that Admiralty Rule 54, and the Judicial Code, Tit. 28, U.S.C.A. § 1404(a), should be construed as stating but one principle concerning the transfer of litigation within the doctrine of forum non conveniens.

Since under the text of both the said rule and the statute the motion is addressed to the exercise of judicial discretion, it is thought that this technical point need not be discussed, nor form the necessary basis of decision.

If the court possesses the authority to grant the motion, it should not be exercised because the ultimate disposition of the rights and duties of the respective parties can be facilitated by an early decision of the collision cause. Whether the reasons for and incidents of the collision as established by the evidence in that case will expose

matters germane to the right to exoneration or limitation on the part of the Dodge, can well wait upon the adjudication initiated for the Dodge.

It appears that the collision cause can come to trial next month, and the outcome may facilitate the disposition of this proceeding, in some matters here to be litigated.

In what I conceive to be the exercise of a reasoned discretion, the motion to transfer is denied. Settle order.