**In the Matter of the Petition of ALAMO CHEMICAL TRANSPORTATION CO., Owner of the TUG NEW WORK, and BARGE SUNCHEM 1100, in a Cause of Exoneration for or Limitation of Liability.**

**Civ. A. No. 70-G-130.**

United States District Court,
S. D. Texas,
Galveston Division.

Dec. 15, 1970.

Robert C. Davee, Houston, Tex., for plaintiff.

Arthur J. Mandell, Houston, Tex., Bryan F. Williams, Jr., Galveston, Tex., Ralph Abercia, Thomas A. Brown, Jr., Houston, Tex., for defendant.

NOEL, District Judge.

MEMORANDUM AND ORDER

On July 28, 1970, Alamo Chemical Transportation Company, owner of the Tug NEW WORK and Barge SUNCHEM 1100, filed in this Court a peti-

tion for limitation of liability pursuant to 46 U.S.C. § 181 et seq. Both vessels were then located within this judicial district and, as no other suits were pending elsewhere, venue was properly laid here under Supplemental Rule F(9), Fed.R.Civ.P.

The suit arose from an accident which occurred on July 23, 1970, while both vessels were moored for loading of inflammables at the Wanda Petroleum Company dock near Belle River, Louisiana, on the Intracoastal Waterway. During the loading operation an explosion occurred which engulfed the surrounding area, including a passing motorboat, in flames. The consequences of this misfortune were numerous: Gerald Fryou, Albert Aucion, Sr., and Stevens Vannoy, passengers on the motorboat, were injured; Luke Mabile, Albert Aucoin, Jr. and Glenn Aucoin, passengers on the motorboat, were killed; Edward Roberge and Roland Fortson, deckhand and mate of the NEW WORK, were injured; Arthur Kowles, captain of the NEW WORK, was killed; Wanda Petroleum Company suffered damage to its docks and was obliged to compensate certain injured employees. The above individuals, in their own behalf or by survivors, have filed claims against limitation petitioner. In addition, Wanda Petroleum and its insurer, having themselves been sued by numerous persons, seek indemnity from limitation petitioner.

Wanda Petroleum and its insurer have filed a motion to transfer this action to the Eastern District of Louisiana, and are joined in this motion by several of the individual claimants. By way of justification, movants make the following points: (1) the accident occurred in Louisiana, (2) the suits upon which Wanda Petroleum seeks indemnity are pending in the Eastern District of Louisiana, (3) the six persons on the motorboat who are claimants herein were residents of Louisiana, (4) two employees of Wanda Petroleum who witnessed the explosion reside in Louisiana, (5) six witnesses to matters surrounding the accident reside in Louisiana, (6) the doctors who treated the injured are in Louisiana, as is the coroner, and (7) the Coast Guard hearings were conducted in Louisiana.

By way of opposition to the transfer, limitation petitioner, joined by three of the claimants, assert the following: (1) limitation petitioner has its office and principal place of business in the Southern District of Texas, (2) both of the vessels involved are home ported in this district, (3) the living crewmembers who are claimants reside in this district, (4) these crewmembers are also witnesses, (5) the claimant widow of the deceased captain resides in this district, (6) the witnesses who are employees of Wanda Petroleum are within the control of that company, which does business in Texas and has its principal office in this district, and (7) four officers and employees of limitation petitioner, who are potential witnesses, reside in this district.

As originally enacted in 1851, the Limitation of Liability Act, 9 Stat. 635, included no provision for change of venue. In fact, it was virtually bereft of procedural guidelines, providing only that shipowners take "appropriate proceedings in any court". Two decades later, the Supreme Court recognized "the want of any uniform practice on the subject," Norwich & N. Y. Transp. Co. v. Wright, 80 U.S. 104, 126, 13 Wall. 104, 20 L.Ed. 585 (1871), and forthwith promulgated Supplementary Rule of Practice in Admiralty 57, 80 U.S. at xiii (1872), which, while prescribing venue, was silent on the subject of transfer. This remained the case through the 1889 revision, 130 U.S. 705, which provided that venue should lie in the district of the ship's location when, as in the instant case, the ship had not been libelled nor the owners sued in any other district. The 1920 revision, 254 U.S. 706, renumbered the venue rule as Rule 54 but made no substantive changes, remaining silent as to change of venue. The silence was unbroken until the 1948 revision, 334 U.S. 869

(1948), whereby the Court amended Rule 54 to provide that "(t)he District Court may, in its discretion, transfer the proceedings to any district for the convenience of the parties." Perhaps significantly, 1948 was also the year of the enactment of 28 U.S.C. § 1404(a), providing that "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Intended to eliminate the harsh consequences of applying the traditional forum non conveniens doctrine, i.e., dismissal of the suit, § 1404(a) has also been construed as broadening the discretion of the trial court in granting transfers upon a lesser showing of inconvenience. Norwood v. Kirkpatrick, 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789 (1955).

Prior to the 1966 unification of rules, the lower courts struggled with the question of whether a limitation suit is a "civil action" for the purpose of transferability under § 1404(a). See Petition of Backman, 122 F.Supp. 896 (D. Del. 1954); New Jersey Barging Corp. v. T. A. D. Jones & Co., 135 F.Supp. 97 (SD NY 1955); Petition of Clipper Fishing Corp., 168 F.Supp. 130 (SD NY 1958); In re United States Coast Guard Vessel CG-95321, 221 F.Supp. 163 (D N.H. 1963). Probably the most sensible view of the relationship between § 1404(a) and the limitation venue rule is that "(s)ince under the text of both the said rule and the statute the motion is addressed to the exercise of judicial discretion, it is thought that this technical point need not be discussed, nor form the necessary basis of decision." The A. C. Dodge, 117 F.Supp. 216 (ED NY 1954), aff'd 218 F.2d 911 (2nd Cir. 1955). This was the approach taken by the Court of Appeals for this Circuit in Humble Oil & Refining Co. v. Bell Marine Service, Inc., 321 F.2d 53, 56 (5th Cir. 1963):

Whether or not the transfer was indicated was a matter to be weighed and decided by the District Judge in his discretion upon a consideration of all of the factors * * * See Gulf Oil Corp. v. Gilbert, 1947, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055, a forum non conveniens case, for a compilation of factors which may be involved in determining the transfer question, although the avoidance of dismissal through § 1404(a) lessens the weight to be given the choice of forum factor, and to that extent broadens the discretion of the District Court. Here Admiralty Rule 54 rather than § 1404(a) applied but transfer under that rule is also discretionary.

The policy of 28 U.S.C. § 1404(a) relating to civil actions in general clearly influenced the promulgation of Rule F(9), applicable to limitation proceedings, which took its present form in the 1966 unification. See 383 U.S. 1071, 1084. It provides: "For the convenience of parties and witnesses, in the interest of justice, the court may transfer the action to any district; * * *." As the Advisory Committee noted, the provision "conform closely to the language of 28 U.S.C. §§ 1404(a) and 1406(a), though it retains the existing rule's provision for transfer to any district for convenience." Rule F, 28 U.S.C. at 582 (1970 ed.)

In view of the above, the applicable standards for decision under Rule F(9) would appear to be those developed by the courts for application of forum non conveniens as expanded by § 1404(a). Mindful of these criteria, the Court is persuaded that there is a rough balance of factors favoring each of the proposed forums in the instant case. Although the Louisiana situs of the accident might be significant if the unusual procedure of a jury view were anticipated, this would seem of slight importance in a limitation action, being a non-jury proceeding. The Eastland, 78 F.2d 984 (7th Cir. 1935). Though the results of the Coast Guard investigation may be located in New Orleans, little difficulty should be encountered in securing the transfer of official Government records, if need be. While the hospital records,

probably not relevant to the threshold issues of exoneration and liability, are located in Louisiana, this is counterbalanced by the fact that the limitation petitioner's business records, possibly of more immediate relevance, are located in this district. Most significantly, parties to the suit reside in both of the districts in question and the prospective witnesses, as enumerated in the affidavits, are about evenly divided between the districts. Where, as here, the arguments favoring each forum lead to a stalemate, the movant has not met the burden which is his upon motion for transfer. Humble Oil, etc., v. Bell Marine, supra.

Accordingly, the motion to transfer venue under Rule F(9) is denied. The Clerk shall send copies of this Memorandum and Order to all counsel.