**In re the Matter of AMERICAN RIVER TRANSPORTATION CO. as Owner of the M/V Gold Star and as Owner Pro Hac Vice and Bareboat Charterer of Barge RRS-7952B, and Tulane Fleeting, Inc., as Owner Pro Hac Vice and Bareboat Charterer of, the M/V Gold Star, and Archer–Daniels–Midland Company, as Owner of Barge RRS–7925B, Praying for Exoneration from and/or Limitation of Liability.**

Civ. A. No. 94–1860.

United States District Court,
E.D. Louisiana.

Sept. 7, 1994.

Edward Joseph Koehl, Jr. and Richard D. Bertram, Jones, Walker, Waechter, Poitevent Carrere & Denegre, New Orleans, LA, for petitioners.

Louis J. St. Martin, Estelle Elouise Mahoney, and Stephen J. Johnson, St. Martin & Mahoney, APLC, Houma, LA, for claimant.

McNAMARA, District Judge.

Before the court is the Motion of Claimant, Joseph P. Toups, to Dismiss or Alternatively, to Transfer this matter. The motion, set for hearing on Wednesday, August 31, 1994, is before the court on briefs without oral argument.

In this case, the vessel owner has been sued in Brazoria County, Texas in state court. The vessel owner seeks to limit its liability in an action brought in this court.

Rule F(9) of the Supplemental Rules for Admiralty and Maritime Claims provides, in pertinent part, as follows:

The complaint shall be filed in any district in which the vessel has been attached or arrested to answer for any claim with respect to which the plaintiff seeks to limit liability; or, if the vessel has not been attached or arrested, then in any district in which the owner has been sued with respect to any such claim. When the vessel has not been attached or arrested to answer the matters aforesaid, and suit has not been commenced against the owner, the proceeds may be had in the district in which the vessel may be, but if the vessel is not within any district and no suit has been commenced in any district, then the complaint may be filed in any district. (emphasis added).

The issue raised in the Motion to Dismiss focuses on the meaning of the word "district" in the context of Rule F(9). Counsel for Joseph Toups, Jr. argues that Rule F(9) should be read loosely to include a filing in state court within the meaning of the word "district." As a result, counsel for Toups contends that since the vessel owners have been sued in Brazoria County, Texas, venue is proper only in the Southern District of Texas.

Complainants contend that the word "district" means United States District Court, and that a filing in state court would not trigger that venue provision. As a result, Complainants contend that the Eastern District of Louisiana is the appropriate venue because that is where the M/V GOLD STAR is located.

This court is aware of two opinions rendered in the Eastern District of Louisiana which address the very issue at hand and take diametrically opposed positions, without setting forth reasons for the decision made. In *In re AWI Drilling and Workover, Inc.,* 1991 A.M.C. 2334, 2335, 1991 WL 68287 (E.D.La.1991), Judge Livaudais held that the word "district" in Rule F(9) "is deemed to be a United States District Court." In *In re Chevron U.S.A., Inc.,* 1990 WL 161036 (E.D.La.1990), Judge Sear found that a suit filed against the vessel owner in state court necessitated that the limitation of liability proceedings be brought in the federal district court which encompassed the state court.

For the reasons set forth below, this court finds that the result reached in *Chevron* is based on the better interpretation of the word "district" in Rule F(9).

The predecessor to the current Rule F(9) is Admiralty Rule 54 which provided, in pertinent part, as follows:

The said petition shall be filed and the said proceedings had in any District Court of the United States in which said vessel has been libeled to answer for any claim in respect to which the petitioner seeks to limit liability; or, if the said vessel has not been libeled, then in the District Court for any district in which the owner has been sued in respect to any such claim ...

Admiralty Rule 54 (1966) (emphasis added).

The use of the words "District Court" to refer to a United States District Court in the same sentence with the word "district" in lower case letters leads this court to conclude that a more general interpretation is to be given to the word "district." It is used in a geographic sense, rather than to indicate a particular type of court.

Consequently, because Joseph P. Toups, Jr. filed a claim against the vessel owners in Texas State court, the appropriate venue is the United States District Court which encompasses Brazoria County, which is the Southern District of Texas, Galveston Division.[1]

Accordingly,

IT IS ORDERED that Petitioner Joseph P. Toups, Jr's Motion to Dismiss be and is hereby DENIED;

IT IS FURTHER ORDERED that Petitioner's Alternative Motion to Transfer be and is hereby GRANTED and that this matter is transferred to the Southern District of Texas, Galveston Division.

---

1. This court orders the transfer of this matter with full awareness that it may be transferred back to the Eastern District of Louisiana for Forum Non Conveniens reasons, as the parties are from Louisiana, the alleged incident occurred in Louisiana, and the witnesses, records, and physicians are allegedly all located in Louisiana.