**In the Matter of TLC MARINE SERVICES, INC., as Owner of the M/V Miss Angie, in a cause of Exoneration from or Limitation of Liability.**

No. 1:95–CV–0096.

United States District Court,
E.D. Texas,
Beaumont Division.

June 28, 1995.

Thad Heartfield, Sr., Beaumont, TX, Gary Joseph Gambel, Peter Brooks Sloss, Murphy Williams Rogers & Sloss, New Orleans, LA, for plaintiff.

Paul R. Miller, The Chaffin Law Firm, Houston, TX, for claimant.

## MEMORANDUM

COBB, District Judge.

On July 12, 1994, Tracy Cantrelle was employed by T.L.C. as a seaman and member of the crew of the M/V MISS ANGIE, a vessel owned and operated by T.L.C. Plaintiff alleges he slipped on an exterior stairway aboard the vessel. At the time of plaintiff's alleged accident, the M/V MISS ANGIE was on the Ouachita River near Camden, Arkansas. The other crew members of the M/V MISS ANGIE, the likely principal fact witnesses in this case, are, as is the plaintiff, residents of Lafourche Parish, Louisiana.

Plaintiff, Tracy Cantrelle, is a citizen and resident of Lafourche Parish, Louisiana. Defendant/limitation plaintiff, T.L.C., is a

company incorporated in Louisiana with its principal and only place of business in Lafourche Parish, Louisiana. Lafourche Parish is within the federal Eastern District of Louisiana.

Plaintiff received emergency room treatment in Camden, Arkansas, on the day of his alleged accident, and he returned to his home in Lafourche Parish, Louisiana, the following day. Since that time, plaintiff has been evaluated and/or treated by at least five doctors and/or chiropractors, all located in Lafourche Parish or New Orleans, Louisiana.

Plaintiff retained a New Orleans attorney, who referred this matter to the Chaffin law firm in Houston, Texas, who on November 7, 1994, filed suit on plaintiff's behalf against T.L.C. in the 60th Judicial District Court for Jefferson County, Texas. T.L.C. filed a special appearance seeking dismissal of plaintiff's Texas state court lawsuit for lack of *in personam* jurisdiction, arguing that T.L.C. lacks the constitutionality mandated "continuous and systematic" general business contacts with Texas to support *in personam* jurisdiction in this case, which has no connection to Texas. That motion is pending in state court.

On February 9, 1995, T.L.C. filed this proceeding seeking exoneration from or limitation of liability under 46 U.S.C.App. § 183 *et seq.*, and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure. T.L.C. filed this limitation action in the United States District Court for the Eastern District of Louisiana. Although the limitation of liability venue provision, Supplemental Rule F(9) facially required T.L.C. file its limitation petition in this district because plaintiff had sued T.L.C. in Texas state court in this district, T.L.C. maintained in its limitation petition that it could not be compelled to file for limitation in a state in which it could not be subjected to personal jurisdiction. T.L.C. further maintained that, because plaintiff's Texas state court suit against it was in an improper forum, Supplemental Rule F(9) did not preclude T.L.C. from filing for limitation in the Eastern District of Loui-

siana, where the vessel was then located. Nevertheless, constrained by the provisions of Supplemental Rule F(9), the United States District Court for the Eastern District of Louisiana transferred T.L.C.'s limitation action to this court on February 15, 1995. Only plaintiff has filed a claim against T.L.C. in this limitation proceeding.

T.L.C. now moves this court to transfer this limitation action back to the United States District Court for the Eastern District of Louisiana. Supplemental Rule F(9) permits a court to transfer a limitation action to any other district for the convenience of the parties and witnesses. In this case, all of the parties and witnesses are located within the Eastern District of Louisiana, whereas no parties, witnesses, or evidence is located in Texas, and Texas has no interest in this dispute.[1] The Eastern District of Louisiana is therefore a far more convenient and appropriate forum for this limitation action.

Plaintiff's Texas state court action has been stayed pursuant to this Court's March 13, 1995, order under Supplemental Rule F(3). Plaintiff filed an answer and claim in this limitation action on or about May 10, 1995.

The transferor court had no option but to transfer this case to the Eastern District of Texas under the Admiralty Rules, since Cantrelle had a pending suit here. However, venue in a limitation of liability action is governed by Supplemental Rule F(9), which provides, in pertinent part:

> For the convenience of parties and witnesses, in the interest of justice, the court may transfer the action to any district....

The sole issue before this court is the return of the case to the Eastern District of Louisiana pursuant to Supplemental Rule F(9).

In a similar case, plaintiffs filed a claim against vessel owners in Texas state court in Galveston, which is in the Southern District of Texas. *In re American River Transp. Co.*, 864 F.Supp. 554, 556 (E.D.La.1994). The vessel owners then sought a limitation of

---

1. Of some interest, if not significance, is the fact that Cantrelle has not filed a response opposing

the return of the case to the Eastern District of Louisiana.

liability determination in the United States District Court for the Eastern District of Louisiana. The district court recognized that the Southern District of Texas held the appropriate venue for this case because of the pending state court action against the vessel. *Id.* The court then transferred the case to the Southern District of Texas pursuant to Supplemental Rule F(9). *Id.* The court also noted that the case "may be transferred back to the Eastern District of Louisiana for *Forum Non Conveniens* reasons, as the parties are from Louisiana, the alleged incident occurred in Louisiana, and the witnesses, records, and physicians are allegedly all located in Louisiana." *Id.* at 556. n. 1.

The United States District Court for the Eastern District of Louisiana transferred the present case to this court pursuant to the specific terms of Supplemental Rule F(9). In support of its motion to transfer the case to the Eastern District of Louisiana, whence it came, T.L.C. states all the parties and witnesses are located within the Eastern District of Louisiana, and no interested parties, witnesses, or evidence is in the Eastern District of Texas.[2]

█ The factors to be considered by this court in determining whether a transfer is appropriate under Supplemental Rule F(9) are the same as those developed by the federal transfer statute, 28 U.S.C. § 1404(a). *In re Alamo Chem. Transp. Co.,* 323 F.Supp. 789, 791 (S.D.Tex.1970); *see also* Wright & Miller, Federal Practice and Procedure: Civil § 3253 n. 15. These criteria include: (1) the convenience of the parties; (2) the convenience of material witnesses; (3) the availability of process to compel the presence of witnesses; (4) the cost of obtaining the presence of witnesses; (5) the relative ease of access to sources of proof; (6) calendar congestion; (7) where the events in issue took place; and (8) the interests of justice in general. *Gundle Lining Const. v. Fireman's*

---

**2.** Supplemental Rule F(9) states that:
[f]or the convenience of the parties and witnesses, in the interests of justice, the court may transfer the action to any district; if venue is wrongly laid the court shall dismiss or, if it be in the interest of justice, transfer the action to any district in which it could have been brought.

*Fund Ins.,* 844 F.Supp. 1163, 1165 (S.D.Tex. 1994) (citing *St. Cyr. v. Greyhound Lines, Inc.,* 486 F.Supp. 724, 727 (E.D.N.Y.1980)).

█ In the present case, the plaintiff, the defendant, all the witnesses, as well as all relevant documentary evidence are located in the Eastern District of Louisiana. Nothing connected with this case is in the Eastern District of Texas other than plaintiff's state court proceeding. Plaintiff's choice of forum is the only factor in favor of keeping this case in the Eastern District of Texas. However, plaintiff's choice of forum should be given little weight if, as in this case, the plaintiff does not reside in the district in which his suit is pending. *Fletcher v. Exxon Shipping Co.,* 727 F.Supp. 1086, 1087 (E.D.Tex.1989).[3]

The jurisprudence interpreting 28 U.S.C. § 1404(a) guides this motion to transfer this limitation action under Supplemental Rule F(9). 28 U.S.C. § 1404(a). *Complaint of Bankers Trust Co.,* 640 F.Supp. 11, 14 (E.D.Pa.1985) (quoting *In re Alamo Chemical Transportation Co.,* 323 F.Supp. 789 (S.D.Tex.1970) (citing *Norwood v. Kirkpatrick,* 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789 (1955))).

The Fifth Circuit has held that transfer is appropriate under § 1404 based on lack of personal jurisdiction, as well as the convenience of the parties and witnesses. *Bentz v. Recile,* 778 F.2d 1026, 1027–28 (5th Cir.1985) (citing *Aguacate Consolidated Mines, Inc. v. Deeprock, Inc.,* 566 F.2d 523 (5th Cir.1978)). *See also Blanks v. Taos Ski Valley, Inc.,* 706 F.Supp. 515 (E.D.Tex.1988); *Radio Santa Fe, Inc. v. Sena,* 687 F.Supp. 284 (E.D.Tex. 1988).

Considering all of the appropriate factors, this Court finds an Eastern District of Louisiana forum best serves the interests of the parties, witnesses, and the judicial system. Therefore, this Court GRANTS T.L.C.'s Motion to Transfer, and this case is hereby

---

Supplemental Rule F(9), FED.R.CIV.P.

**3.** Using 28 U.S.C. § 1404(a), the Supreme Court lessened the decisive weight that plaintiff's choice of forum once enjoyed. *See Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 253, 102 S.Ct. 252, 264, 70 L.Ed.2d 419 (1987).

TRANSFERRED to the Eastern District of Louisiana for further disposition.