**Robert SEAMAN, Plaintiff,**

v.

**SOUTHERN PACIFIC TRANSPORTATION COMPANY, Defendant.**

**No. 95–CV–272.**

United States District Court, E.D. Texas, Beaumont Division.

Nov. 17, 1995.

David Eric Bernsen, Bernsen, Jamail & Goodson, Beaumont, TX, Timothy M. Hoch, Mark S. Stewart & Associates P.C., Ft. Worth, TX, for Robert Seaman.

Daniel V. Flatten, Mehaffy & Weber, Beaumont, TX, for Southern Pacific Transportation Company.

### MEMORANDUM OPINION

COBB, District Judge.

Before the Court is Southern Pacific Transportation Company's ("Southern Pacific") Motion to Transfer this case to the Western District of Texas pursuant to 28 U.S.C. section 1404(a). For the convenience of the parties and witnesses, and in the interest of justice, this Court finds that the San Antonio Division of the Western District of Texas is a more convenient and appropriate forum for this negligence action.

## I. BACKGROUND

On July 25, 1993, a grade crossing collision between an Amtrak train and an automobile occurred in Waelder, Texas. The plaintiff, Robert Seaman, was the engineer of the Amtrak train. Mr. Seaman is suing Southern Pacific for negligently obstructing the crossing.

## II. ANALYSIS

This Court long ago set forth the factors it believed, based upon case law and reason, are relevant to a transfer decision predicated on the convenience of parties and witnesses:

1. Plaintiffs' choice of forum;
2. The availability of compulsory process for the attendance of unwilling witnesses;
3. The cost of obtaining the attendance of willing witnesses;
4. The accessibility and location of sources of proof;
5. The location of counsel;
6. The relative congestion of the Courts' dockets;
7. Accessibility of the premises to the jury;
8. Relation of the community in which Court's and the jurors are required to serve to the occurrence giving rise to the suit;
9. The time, cost and ease with which a trial can be conducted, and all other practical considerations relative to the trial.

*Fletcher v. Southern Pacific Transp. Co.*, 648 F.Supp. 1400, 1401 (E.D.Tex.1986) (citations omitted); *see also In Re TLC Marine Services*, 900 F.Supp. 54 (E.D.Tex.1995). Of course, in 1987 the Supreme Court reduced the weight courts are to afford the plaintiff's choice of forum. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253, 102 S.Ct. 252, 264, 70 L.Ed.2d 419 (1981).

The Court is cognizant that the burden of showing that the interest of justice requires transfer rests upon the moving party. *In re Air Crash Disaster Near New Orleans*, 821 F.2d 1147 (5th Cir.1987). Although there are many representations based upon information and belief presented by both counsel, the Court wearily notes that no evidentiary support has been tendered in this matter (e.g. affidavit information regarding this venue's convenience to the trial witnesses, the importance of those witnesses' testimony, etc.).

The incident at issue in this case occurred within the San Antonio Division of the Western District of Texas. The witnesses, records and physicians are allegedly all located outside the Eastern District. The plaintiff presents four arguments against the Motion to Transfer: plaintiff's choice of forum, the subpoena power over a key witness, the familiarity of the Court with the present litigation, and the Eastern District's docket.

The plaintiff's choice of forum is duly noted, although after *Piper Aircraft* this factor

carries less import, particularly if the plaintiff does not reside in the forum selected. The plaintiff has not responded to the argument that a key witness, plaintiff's former wife, would be within subpoena range of the Western District. Fed.R.Civ.P. 45(b)(2); § 22.002 Tex.Civ.Prac. & Rem.Code; Fed. R.Civ.P. 45(c)(3)(A)(ii) (by order of the court).

As to this Court's familiarity with this lawsuit, this Court is only familiar with a case arising from the same accident as this action to the extent that it ruled on a Motion to Remand. Finally, the plaintiff has tendered nothing more than a bald statement that the Eastern District has a lean docket.

Given the location of important witnesses, the plaintiff's residence, a companion state court FELA case in the Western District, the minimal court resources expended thus far, and considering the other necessary factors, this Court finds that a San Antonio Division forum best serves the interests of the parties, witnesses, and the judicial system.[1] Therefore, this Court TRANSFERS this case to the Western District of Texas, San Antonio Division for further disposition.

---

1. This Court would also note Southern Pacific counsel's compelling arguments at the hearing on this matter.