# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2639

_____

In the Matter of: The Complaint of       *
Mike's, Inc. and Mike's Marine, Inc.       *
for Exoneration from or Limitation       *
of Liability.       *
      *
      *
_____       *
      *
      *
Mike's, Inc.; Mike's Marine, Inc.,       *
      *
      Appellants,       *
      *   Appeal from the United States
      v.       *   District Court for the Eastern
      *   District of Missouri.
Kristopher A. Tinnon,       *
      *
      Appellee.       *

_____

Submitted: December 13, 2002

Filed: January 29, 2003

_____

Before MORRIS SHEPPARD ARNOLD, RILEY, and SMITH, Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Kristopher Tinnon brought suit in the circuit court of Madison County, Illinois, seeking damages for injuries that he allegedly suffered on a harbor tug while

employed by Mike's, Inc. and Mike's Marine, Inc. (Mike's). Mike's then filed a timely proceeding in the Eastern District of Missouri seeking exoneration from or limitation of liability to Mr. Tinnon for his alleged injuries. The district court[1] found that venue for Mike's limitation proceeding was proper only in the Southern District of Illinois and dismissed the case without prejudice. Mike's appeals, asserting that the district court erred in dismissing the case for improper venue and that in any event the district court abused its discretion by dismissing the case instead of transferring it to the Southern District of Illinois. We affirm.

## I.

This case presents an issue of first impression in our court regarding the meaning of the word "district" in Rule F(9) of the Supplemental Rules for Certain Admiralty and Maritime Claims. Rule F governs the procedure for filing a limitation of liability action, and section 9 of that rule deals specifically with venue and transfer. Under that rule, if, as here, the relevant vessel has not been attached or arrested, venue lies "in any district in which the owner has been sued with respect to" the claim for which the limitation of liability is being sought; if the vessel has not been attached or arrested and there has been no suit filed "in any district," venue is proper "in the district in which the vessel may be."

Mr. Tinnon argues, and the district court held, that the word "district" in this part of Rule F(9) refers to a geographic area under the jurisdiction of a particular United States district court. If "district" does refer to a geographic area, then venue for Mike's limitation proceeding is proper only in the Southern District of Illinois since Mr. Tinnon's state action was filed in the geographic area that district court encompasses. Mike's urges us, however, to adopt the view that "district" means "United States district court." Since Mr. Tinnon has not filed an action in a United

---

[1]The Honorable Stephen Limbaugh, United States District Judge for the Eastern District of Missouri.

States district court, Mike's argues, the limitation proceeding should have been allowed to go forward where the vessel is located, namely, in the Eastern District of Missouri.

Mike's offers a creative syllogism to support its claim that "district" means United States district court in Rule F(9). The major premise of this syllogism is that "identical words used in different parts of the same act are intended to have the same meaning," *Atlantic Cleaners & Dyers, Inc. v. United States*, 286 U.S. 427, 433 (1932). Mike's minor premise is that uses of the word "district" in Rule F(9) referring to where a limitation proceeding may be filed or where a limitation proceeding may be transferred must literally be read as "United States district court," because only a federal court has jurisdiction over such actions. Mike's therefore concludes that all instances of the word "district" in Rule F(9) must also mean United States district court. The structure of Mike's argument is appealing. There are several reasons, however, that we cannot ultimately agree with Mike's.

The word "district" is used eight times in Rule F(9). In two instances, the rule adverts to the presence or absence of a vessel within a "district." Interpreting the rule to mean that a harbor tug would be "within" a district court is manifestly unreasonable. The more reasonable conclusion is that in these contexts the word "district" refers to the geographical area that lies within the boundaries of a district court. It is clear, then, that the word "district" cannot uniformly mean United States district court in Rule F(9). Instead, it may uniformly refer to a geographic area, or it may have various meanings depending on the context.

In five instances, the word "district" is used to describe where a limitation proceeding may be filed or where a limitation proceeding may be transferred. Although, as we have already observed, limitation proceedings must be brought in a United States district court, the word "district" in these five instances need not mean United States district court to comport with that principle. That principle is

established by 28 U.S.C. § 1333, which grants exclusive subject matter jurisdiction over limitation actions to federal courts. *See* 28 U.S.C. § 1333(1). Rule F(9) does not of course purport to address subject-matter jurisdiction; instead, it is designed to funnel federal actions to the appropriate district court. Reading the word "district" to refer uniformly to a geographic area therefore would not, contrary to Mike's suggestion, permit limitation proceedings to be brought or transferred to state courts within a federal court's district. Thus, we do not agree that a uniformly geographic reading of the word "district" in Rule F(9) would violate principles of federal jurisdiction.

We need not, however, decide today whether every use of the word "district" in Rule F(9) refers to a geographic area. Although there is a presumption that identical words used in different parts of the same act are intended to have the same meaning, this is not a rigid and inflexible rule. *See United States v. Cleveland Indians Baseball Co.*, 532 U.S. 200, 213 (2001). It is well established that "[m]ost words have different shades of meaning and consequently may be variously construed, not only when they occur in different statutes, but when used more than once in the same statute or even in the same section." *Atlantic Cleaners & Dyers*, 286 U.S. at 433. We believe that the word "district" in the present context is best construed to refer to a geographic area, even if in some other instances the word is more naturally read to mean United States district court.

Nearly every court that has considered the meaning of the section permitting venue "in any district in which the owner has been sued" has adopted the geographic view that Mr. Tinnon argues for. *See, e.g., In re American River Transp. Co.*, 864 F. Supp. 554, 556 (E.D. La. 1994); *In re Chevron U.S.A., Inc.*, No. Civ. A 90-1685, 1990 WL 161036, at *1 (E.D. La. Oct. 12, 1990). We find the opinion in *In re American River Transportation Co.* particularly instructive. In that case, the court observed that the predecessor to the current rule placed venue "in the District Court for any district in which the owner has been sued," *see* Admiralty Rule 54 (1966), and

opined that the "use of the words 'District Court' to refer to a United States District Court in the same sentence with the word 'district' in lower case letters" indicated that the word "district" was "used in a geographic sense, rather than to indicate a particular type of court." *In re American River Transp. Co.*, 864 F. Supp. at 555-56. Although the wording of the predecessor rule was revised in Rule F(9), there is no reason to believe that Congress thereby intended to change the original venue principles. This strongly suggests that the word "district," as it is used in the relevant portion of Rule F(9), was used in a geographic sense.

After considering both the text of Rule F(9) and the relevant case law, we are convinced that in the present context the word "district" refers to a geographical area that corresponds to a district court's boundaries. Venue for Mike's limitation proceeding was therefore proper only in the Southern District of Illinois.

## II.

Having found that venue was not proper in the Eastern District of Missouri, we next consider the district court's decision to dismiss Mike's limitation proceeding rather than to transfer it to the Southern District of Illinois. Because the dismissal occurred after the applicable statute of limitations for filing a limitation action had run, Mike's was unable to refile in the Southern District of Illinois.

According to Rule F(9), "if venue is wrongly laid the court shall dismiss or, if it be in the interest of justice, transfer the action to any district in which it could have been brought." Mr. Tinnon argues that this language is mandatory in requiring dismissal (the "court shall dismiss") when venue is improper. This argument ignores the entire second half of that section, which gives a judge broad latitude to transfer when it is necessary to achieve a just result. Indeed, most of the factually similar cases were transferred as opposed to being dismissed. *See, e.g., In re American River Transp. Co.*, 864 F. Supp. at 556 & n.1; *In re Western Atlas Int'l, Inc.*, No. Civ. A 98-601, 1998 WL 259965, at *1-*2 (E.D. La. May 19, 1998); *In re Chevron U.S.A., Inc.*,

1990 WL 161036, at *1. *But see In re Egan Marine Corp.*, No. 99 C 1152, 1999 WL 1011241, at *7 (N.D. Ill. Oct. 18, 1999).

We agree with Mike's that transfer, rather than dismissal, is the usual (and perhaps more appropriate) procedure when a statute of limitations would prevent a claim from being refiled in the appropriate venue. Dismissal, however, remains an option under Rule F(9). The circumstances surrounding this case suggest that Mike's counsel could have reasonably foreseen the denial of venue in the Eastern District of Missouri. Despite this, Mike's waited until the last week before the statute of limitations ran to file his claim. Then, in response to Mr. Tinnon's motion to dismiss, Mike's counsel chose to focus exclusively on the argument that "district" means United States district court instead of addressing why transfer was preferred to dismissal. Most important we think, there was absolutely no mention by Mike's that there was a potential statute of limitations difficulty awaiting it in the Southern District of Illinois. Our intuition is that these decisions reflect a calculated trial strategy by Mike's counsel. In any event, it is difficult to see how the district court abused its discretion in granting, without prejudice, Mr. Tinnon's motion to dismiss, when Mike's did not bring the statute of limitations difficulty to the district court's attention. Nor do we think that it was an abuse of discretion for the district court to decline to alter its judgment in light of arguments that could have easily been made in response to the original motion to dismiss.

We review the district court's decision to dismiss for an abuse of discretion, and, in this instance, we cannot say that the district court abused its discretion.

### III.

For the reasons stated, we affirm the decision of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.