In the

# United States Court of Appeals
## For the Seventh Circuit

No. 02-4022

IN THE MATTER OF: THE COMPLAINT OF MIKE'S, INC.
AND MIKE'S MARINE, INC., for exoneration from or
limitation of liability,

*Plaintiffs-Appellants.*

Appeal from the United States District Court
for the Southern District of Illinois
No. 02-C-612—**David R. Herndon**, *Judge.*

ARGUED JUNE 5, 2003—DECIDED JULY 25, 2003

Before FLAUM, *Chief Judge,* and COFFEY and MANION,
*Circuit Judges.*

FLAUM, *Chief Judge.* This case was originally brought in
federal district court in the Eastern District of Missouri
(hereinafter "the Missouri district court"). That court dis-
missed the case for improper venue. Appellants, Mike's Inc.
and Mike's Marine, Inc., then requested that the court,
instead of dismissing the suit, transfer it to the proper
venue to avoid statute of limitations problems that might
arise from dismissal. The court refused this request—a
decision that was later affirmed by the Eighth Circuit. *In re
the Complaint of Mike's Inc. (Mike's, Inc. I)*, 317 F.3d 894
(8th Cir. 2003). Appellants then filed suit in the proper
venue of the Southern District of Illinois (hereinafter "the
Illinois district court"). As feared by the appellants, the suit
was dismissed as untimely. Appellants now challenge this
dismissal arguing, as they did below, that the Illinois dis-

trict court should have applied the principle of equitable tolling to allow the complaint to be deemed timely. We are not persuaded by this argument and we therefore affirm.

## I.  Background

On June 4, 2001, Kristopher Tinnon brought suit against appellants in the Circuit Court of Madison County, Illinois. Tinnon asserted claims seeking damages for injuries he allegedly sustained while aboard the M/V BIANCA, a harbor tug owned and operated by appellants. Appellants in turn filed a federal action for exoneration from or limitation of liability under 46 U.S.C. §181 *et seq.* (such an action seeks to limit any potential liability to the value of the vessel, in this case the M/V BIANCA). That action was filed in the district court for the Eastern District of Missouri on November 29, 2001.

This filing raised a question of venue. Proper venue for such a suit, and what to do if venue is improper, is determined under Rule F(9) of the Supplemental Rules for Certain Admiralty and Maritime Claims:

> The complaint shall be filed in any district in which the vessel has been attached or arrested to answer for any claim with respect to which the plaintiff seeks to limit liability; or, if the vessel has not been attached or arrested, then in any district in which the owner has been sued with respect to any such claim. When the vessel has not been attached or arrested to answer the matters aforesaid, and suit has not been commenced against the owner, the proceedings may be had in the district in which the vessel may be, but if the vessel is not within any district and no suit has been commenced in any district, then the complaint may be filed in any district. For the convenience of parties and witnesses, in the interest of justice, the court may transfer the action to any district; if venue is wrongly laid the court

> shall dismiss or, if it be in the interest of justice, transfer the action to any district in which it could have been brought. If the vessel shall have been sold, the proceeds shall represent the vessel for the purposes of these rules.

Tinnon argued to the district court that venue was proper only in the Southern District of Illinois because the vessel had not been attached and the appellants had been sued in a state court located in the Southern District of Illinois. Appellants argued that venue was proper in the Eastern District of Missouri because the vessel had not been attached, the owner had not been sued in a federal district, and the vessel was located in the Eastern District of Missouri. The difference in these two views turns on the definition of the word "district" in the phrase "then in any district in which the owner has been sued with respect to any such claim." It is either used to indicate a geographic area, and thus the state suit had been brought in the Southern District of Illinois, or to indicate a specific federal court, and thus no suit had been brought in any district for the purposes of determining venue. The former interpretation has been generally accepted, *see, e.g., In re the Complaint of Egan Marine Corp.,* 1999 U.S. Dist. LEXIS 17235 (N.D. Ill. Oct 18, 1999), *In re the Complaint of Ensco Marine Co.,* 1999 U.S. Dist. LEXIS 7385 (E.D. La. May 13, 1999), *In re the Complaint of T.J. Crosby, Inc.*, 1994 U.S. Dist. LEXIS 15086 (E.D. La. Oct. 17, 1994), and the later interpretation on which appellants rely is supported by the weight of only one district court case, *In re A.W.I. Drilling and Workover, Inc.*, 1991 U.S. Dist. LEXIS 5526 (E.D. La. Apr. 24, 1991). The Missouri district court rejected appellants' interpretation and dismissed the case without prejudice for improper venue on April 17, 2002.

Appellants then made a motion to alter or amend the judgment of dismissal. In that motion they argued that the correct resolution given the venue problem was not dis-

missal but transfer to the court where venue was proper. In that motion they noted the possibility that if the case was dismissed and then filed in the proper district it would be deemed untimely since the limitations period for such a filing had passed. They also directed the court's attention to the case of *In re the Complaint of Mers, Inc.*, 4:01 CV 1453 AGF (E.D. Mo. March 14, 2002), a recently decided case from the Eastern District of Missouri rejecting appellants' arguments about the definition of "district" in Rule F(9), but supporting their contention that transfer is the correct disposition when venue is improper. Notably, both the statute of limitations issue and the *Mers* case had not previously been brought to the Missouri district court's attention. Based on appellants' strategic maneuver of withholding arguments and relevant case law from the court until it was to their benefit to do otherwise, the Missouri district court concluded that transfer was not in the interest of justice. That ruling was appealed to the Eighth Circuit, and the Eighth Circuit affirmed the decision of the Missouri district court. *Mike's, Inc. I*, 317 F.3d 894.

Meanwhile (prior to the decision of the Eighth Circuit), appellants filed this suit in the Southern District of Illinois on June 13, 2002. Under 46 U.S.C. § 185 a shipowner has six months after receipt of notice of the underlying claim to bring an action for limitation. Of course, on June 13, 2002, just over a year had passed and the suit was therefore untimely. The district court so ruled, rejecting appellants' requests for it to apply the doctrine of equitable tolling. It is from that ruling that appellants now appeal.

## II. Discussion

As its name implies, equitable tolling is a form of equitable relief and therefore is restricted to those cases where the claimant's error in not bringing suit within the appropriate time period was made in good faith. *Jones v. Madison*

*Serv. Corp.*, 744 F.2d 1309, 1314 (7th Cir. 1984). Even so, where we are dealing with two innocent parties, negligence on the part of the party invoking the doctrine "can tip the balance against its application." *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 453 (7th Cir. 1990). In refusing to apply the doctrine of equitable tolling the district court for the Southern District of Illinois concluded that appellants had not acted in good faith when they filed and proceeded with this case in the Eastern District of Missouri. In coming to that conclusion the court relied upon numerous strategic decisions made by the appellants. Among these was their reliance on only one district court case in arguing that venue was proper in the Eastern District of Missouri, their failure to cite contrary authority, and their failure to bring a relevant and contrary decision of the Eastern District of Missouri to the attention of the judge.

While we do not take issue with the district court's finding that appellants did not act in the good faith requisite to justify the application of equitable tolling, we approach the question on narrower grounds. We cannot conclude that appellants can be said to have acted in bad faith simply by bringing the case in the Eastern District of Missouri, even if they did so on the basis of only one district court opinion from the Eastern District of Louisiana. While it is true that the opinion they relied upon was not controlling in the Eastern District of Missouri, and had very weak persuasive value even in the Eastern District of Louisiana, *see Ensco Marine Co.,* 1999 U.S. Dist. LEXIS 7385, *T.J. Crosby, Inc.*, 1994 U.S. Dist. LEXIS 15086; *see also Mike's Inc. I*, 317 F.3d at 897 ("Nearly every court that has considered the meaning of the section permitting venue 'in any district in which the owner has been sued' has adopted the geographic view that Mr. Tinnon argues for."), appellants still could have made a good faith argument to the Eastern District of Missouri that the analysis from *A.W.I. Drilling* was correct and should be adopted. The issue was previously unresolved in the Eighth Circuit, *Mike's Inc. I*,

317 F.3d at 896 ("This case presents an issue of first impression in our court."), and appellants' argument was not frivolous, *id.* ("The structure of Mike's argument is appealing."). Thus, we cannot say that it is bad faith to bring a case in a certain venue based upon a nonfrivolous argument that is not foreclosed by any controlling precedent.

Furthermore, we have reservations as to the district court's conclusion that it is bad faith for a party to fail to cite every noncontrolling district court opinion that goes against that party's arguments. On certain divisive issues such a rule may prove too strict a requirement for good faith litigation. What concerns us more about appellants' conduct was their specific failure to bring the *Mers* case to the Missouri district court's attention. Not only was *Mers* decided contrary to appellants' position and in the Eastern District of Missouri, but the firm representing appellants was also counsel to the party bringing the limitation action in *Mers*. This is not a case where the appellants can claim they were unaware of the contrary authority through lax research or some other reason. Here appellants' counsel had actual knowledge of the *Mers* decision (they acknowledged this much at oral arguments) and were clearly in the best position of any party to bring this case to everyone's attention. Then, further evidencing their lack of good faith, appellants finally did bring the *Mers* case to the district court's attention only after the court had ruled against them on the question of the definition of "district"—on which *Mers* was contrary to their position—and in support of their claim for transfer rather than dismissal—on which *Mers* supported their position. This position alone suggests the absence of good faith. Added to this is their choice not to seriously advance the transfer argument until after losing the initial question and their failure to bring the possible statute of limitations problem to the Missouri district court's attention. The result is an indication of bad faith. *Cf. Mike's I*, 317 F.3d at 898 ("Our intuition is that

these decisions reflect a calculated trial strategy by Mike's counsel.").

Finally, granting Mike's request to apply equitable tolling would essentially undo the decisions of the Missouri district court and the Eighth Circuit. For whatever equitable tolling's aims may be, the doctrine does not serve as a means for, in effect, appealing decisions from one district court in another. Mike's should not be relieved from a reasoned decision of the Eighth Circuit by the application of equitable tolling in the Southern District of Illinois. The Missouri district court and the Eighth Circuit held that justice did not require transfer—that is virtually the same as saying it would not have been equitable. We will not arrive at a different result, particularly in light of the facts and circumstances of this case.

## III. Conclusion

All three of the federal courts that have previously dealt with this case have concluded that appellants acted strategically and in the absence of good faith when they made their arguments to the Missouri district court regarding the propriety of venue in that court. We also have determined that appellants' conduct has foreclosed the application of the doctrine of equitable tolling. The judgment of the district court is AFFIRMED.

A true Copy:

     Teste:

_____

*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*
