**Dale E. FLETCHER**

v.

**EXXON SHIPPING COMPANY.**

**Civ. A. No. B–88–0608.**

United States District Court,
E.D. Texas,
Beaumont Division.

Aug. 7, 1989.

Dane Jacques, The Jacques Admiralty Law Firm, Detroit, Mich., for plaintiff.

John P. Forney, Jr., Eastham, Watson, Dale & Forney, Houston, Tex., for defendant.

### MEMORANDUM OPINION

COBB, District Judge.

In a move analogous to Brer Rabbit's urgings not to be thrown into the brier patch, Exxon Shipping, a fairly unpopular figure in environmental circles, asks to have this jury case transferred to one of the states in closest proximity to its recent oil spill, Oregon.

During a time when the M/V EXXON WASHINGTON was undergoing repairs in the WSI Shipyard in Oregon, Fletcher, a seaman aboard the M/V EXXON WASHINGTON, was traversing a catwalk in the engine room. In a fateful step, he alleges, he fell through an opening in the catwalk and sustained severe and permanently disabling injuries.

Fletcher, who appears to be a resident of either Pennsylvania or Michigan, originally brought this action in Michigan State court but voluntarily dismissed it after Exxon Shipping filed a motion to dismiss for *forum non conveniens*. Fletcher subsequently refiled the case in the Eastern District of Texas.

In support of venue in this court, the plaintiff, Fletcher, points to numerous contacts of Exxon Shipping and this case with the *Southern* District of Texas. Among the contacts located in the Southern District are (1) the defendant's corporate headquarters; (2) the defendant's counsel; (3) the plaintiff's business address (as listed on his business card); (4) the defendant's disability and compensation benefits office; (5) the site where the M/V EXXON WASHINGTON was issued its United States Coast Guard Certificate of Inspection; (6) the city where any arbitration panel between Exxon Shipping and the shipyard would convene; and (7) two of the witnesses to this case. The plaintiff also points to another witness who resides in a city approximately 150 miles east of the Eastern District of Texas.

Exxon Shipping, which has the burden of proof on this motion, relies primarily upon a possible indemnity claim against the shipyard as the basis for transfer. In addition, Exxon Shipping points out that most of the witnesses are shipyard witnesses who reside and work in Oregon, that several of the plaintiff's treating physicians are in Oregon, and that the accident occurred in Oregon. Also, the defendant asserts that those witnesses who are not in Oregon are, for the most part, seamen who are not permanently stationed at any location. The defendant points out that absolutely no witness resides in the Eastern District of Texas.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404. The defendant has the burden of establishing why there should be a change of forum. *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir.1966). "[P]laintiffs' privilege to choose, or not to be ousted from, his chosen forum is highly esteemed." *Rodriquez v. Pan American Life Ins. Co.*, 311 F.2d 429, 434 (5th Cir.1962). However, where the operative facts underlying the cause of action did not occur within the forum chosen by the plaintiff, the choice of forum is entitled to less consideration.

*E.g., Windmere Corp. v. Remington Products, Inc.*, 617 F.Supp. 8, 10 (S.D.Fla.1985).

In this case, the indemnity claim presents one of the strongest reasons for transfer of this case. The interest of justice mandates that the court try to prevent repetitive litigation. The plaintiff admits that the ship was in the WSI Shipyard when the accident occurred and does not deny that the opening in the catwalk may have been the result of the acts or omissions of WSI employees as alleged by the defendant. It is thus apparent that Exxon Shipping may have a valid claim for breach of warranty of workmanlike performance against the shipyard. *Ryan Stevedoring Co. v. Pan-Atlantic Steamship Corp.*, 350 U.S. 124, 133, 76 S.Ct. 232, 237, 100 L.Ed. 133 (1956). Trial of these claims together would preserve very valuable judicial resources. Given the apparent lack of *in personam* jurisdiction over the WSI Shipyard in the Eastern District of Texas, it appears that trial of all of the claims together could best proceed in Oregon.

Mandating transfer also is the location of witnesses. Exxon Shipping has obtained numerous affidavits from shipyard employees with firsthand knowledge of the facts of this case who reside in Oregon, including the employee upon whom Mr. Fletcher fell. Many of the treating physicians reside in Oregon. Not one single witness has been shown to reside in the Eastern District of Texas. The plaintiff himself does not even reside in the Eastern District of Texas, a factor which has been held to entitle the plaintiff's choice of forum to little consideration. *Paul v. Precious Metals Corp.*, 613 F.Supp. 174, 179 (S.D.Miss.1985). Other possible witnesses are assigned to ships and would be inconvenienced by having to appear in any forum.

"It should be emphasized that this is not a case involving entirely local interests, but is rather nationwide in its scope. Therefore, trial in any jurisdiction will prove costly and inconvenient to some." Brief for Plaintiff at 6, June 28, 1989. However, the court finds, on balance, that the interest of justice requires that this cause be transferred to the Oregon District, Port-

land Division, pursuant to 28 U.S.C. § 1404(a).

It is ORDERED that the defendant's motion to transfer is GRANTED and the clerk is required to transfer this cause to the United States District Court for the District of Oregon, Portland Division.