**Corbett RICH, Plaintiff,**

v.

**SOUTHERN GULF OPERATORS, Defendant.**

No. 1:94–CV–469.

United States District Court, E.D. Texas, Beaumont Division.

Feb. 2, 1995.

David Dies, Dies, Dies & Henderson, Orange, TX, for plaintiff.

Hubert Oxford, III, Mitchell W. Templeton, Benckenstein & Oxford, Beaumont, TX, for defendant.

## MEMORANDUM OPINION

COBB, District Judge.

### BACKGROUND

Plaintiff, Corbett Rich, was injured while aboard the M/V ALEUTIAN COMMAND. The M/V ALEUTIAN COMMAND is owned and operated by Defendant, Southern Gulf Operators. At the time of the injury the vessel was leaving dock from Eugene Island, which is located off the coast of Louisiana.

The M/V ALEUTIAN COMMAND regularly works off the coast of Louisiana and its home port is New Orleans. The Defendant's main office and corporate offices are in Lafayette, Louisiana. Defendant does not maintain an office in Texas. Plaintiff contends, however, that Defendant regularly

conducts business in the Eastern District of Texas and submits an affidavit to that effect; Defendant does not dispute that it conducts business in Texas.

Four of the fact witness identified by the parties reside in Louisiana, one in Mississippi and one in Florida; none reside in Texas. Five of the expert witnesses reside in Florida and one in Louisiana; none reside in Texas. Plaintiff is a resident of Florida.

Plaintiff brought an action in this court pursuant to the Jones Act. 46 App. U.S.C. § 688. Defendant seeks to transfer venue to the Western District of Louisiana, Lafayette Division, pursuant to 28 U.S.C. § 1404(a).[1] Defendant asserts that every factor which determines whether transfer of venue is proper weighs in favor of transfer. Plaintiff counters by responding that his choice of forum should be respected.

Because this court finds that this action has no connection with the state of Texas, Defendant's Motion to Transfer Venue is GRANTED, and this action is transferred to the Western District of Louisiana, Lafayette Division.

## ANALYSIS

Transfer of venue is governed by 28 U.S.C. § 1404(a).

◼ The first requirement of the statute is that venue be proper in the proposed district. This is met as Defendant's principal place of business is in Lafayette, Louisiana.[2]

◼ The decision to transfer is within the sound discretion of the district court. *Time Inc. v. Manning,* 366 F.2d 690, 698 (5th Cir.1988). To determine whether venue should be transferred, the court should take into account factors which fall into two groups: (1) those relating to the convenience of the litigants; and (2) those relating to the public interest in the fair and efficient administration of justice. *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508–09, 67 S.Ct. 839, 843, 91

L.Ed. 1055 (1947); *Walter Fuller Aircraft Sales v. The Rep. of the Philippines,* 965 F.2d 1375, 1389 (5th Cir.1992).

◼ The convenience factors break down into the following: (1) plaintiff's choice of forum; (2) the ease of access to sources of proof; (3) the cost of obtaining attendance of witnesses and other trial expenses; (4) the place of the alleged wrong; and (5) the possibility of delay and prejudice if transfer is granted. *Walter,* 965 F.2d at 1389.

◼ The public interest factors consists of: (1) the relative backlog and other administrative difficulties in the two jurisdictions; (2) the fairness of placing the burdens of jury duty on the citizens of the state with the greater interest in the dispute; (3) the local interest in adjudicating local disputes; (4) the appropriateness of having the jurisdiction whose law will govern adjudicate the dispute in order to avoid difficult problems in conflicts of laws. *Walter,* 965 F.2d at 1389.

◼ The only factor which indicates this court should keep the case is plaintiff's choice of forum. Every other factor either strongly suggests a transfer of venue or is inconclusive.

The accident took place off the coast of Louisiana and the M/V ALEUTIAN COMMAND's home port is in New Orleans. The Louisiana courts are clearly better situated than is Texas to obtain evidence regarding the accident and other sources of proof.

Several of the witnesses, both fact and expert, reside in Louisiana. None reside in Texas. The Louisiana forum, therefore, offers lower costs for obtaining witnesses and other trial expenses.

The place of the alleged wrong is off the coast of Louisiana; again, Louisiana is favored over Texas. Additionally, the case is in the early stages, so there is little chance that a transfer of venue would create appreciable delay or prejudice.

---

1. Title 18 U.S.C. § 1404(a) provides:
   For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

2. For suits brought under the Jones Act, venue is proper wherever the defendant "resides." That is, in any judicial district in which the corporation is doing business. *Pure Oil Co. v. Suarez,* 384 U.S. 202, 86 S.Ct. 1394, 16 L.Ed.2d 474 (1966); 28 U.S.C. § 1391(c).

**52**

Louisiana's superior interest in adjudicating the dispute also weighs in favor of a Louisiana forum. The accident occurred off the coast of Louisiana and involves a shipping company that is a Louisiana resident. Louisiana's interest in ensuring that Louisiana corporations operating off its coast conform to a minimum standard of care is more compelling than an interest which could be proffered by the state of Texas. This is especially true in light of the fact that the ship in question is docked in New Orleans. Additionally, it is only fair that Louisiana citizens bear the burden of jury duty in this case since its citizens have more of an interest in ensuring that Defendant conducts itself properly than would a citizen of the state of Texas.

Furthermore, no conflicts of laws issues favor Louisiana over Texas. The same body of law, the Jones Act, will govern the dispute without regard to forum.

Accordingly, transfer to the Western District of Louisiana, Lafayette Division is warranted.

■ Defendant has asserted that this court does not have personal jurisdiction over it. Be that as it may, this court is free to transfer the case even if it does not have personal jurisdiction over the one of the parties. *Goldlawr v. Heiman,* 369 U.S. 463, 466, 82 S.Ct. 913, 915–16, 8 L.Ed.2d 39 (1962); *Bentz v. Recile,* 778 F.2d 1026, 1028 (5th Car.1985); 28 U.S.C. 1406(a).

### ORDER

Before the court is the Defendant's Motion for Transfer of Venue. After considering the Motion, this Court is of the opinion that the Motion should be GRANTED.