**Kris MORTENSEN and Leslie Mortensen Huntington, Plaintiffs,**

v.

**MAXWELL HOUSE COFFEE COMPANY, Defendant.**

No. 1:94–CV–479.

United States District Court, E.D. Texas, Beaumont Division.

Feb. 13, 1995.

Greg Thompson, Provost & Umphrey, Beaumont, TX, for plaintiffs.

James H. Chesnutt, II, Orgain, Bell & Tucker, Beaumont, TX, for defendant.

## MEMORANDUM OPINION

COBB, District Judge.

### BACKGROUND

Plaintiffs, Kris Mortensen and Leslie Mortensen Huntington, are the surviving children of Alfred M. Mortensen (Mortensen). Mortensen, an employee of the Defendant, Maxwell House Coffee Corporation, was allegedly exposed to asbestos in the course of his employment. Mortensen died on January 6, 1994. On June 20, 1994, Plaintiffs filed this action in state court alleging that Defendant had been grossly negligent in failing to provide adequate protection and warning to Mortensen.

On August 12, 1994, Defendants filed a Notice of Removal with this court. This court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)[1]; removal is therefore proper under 28 U.S.C. § 1441(a).[2]

Sixteen of the twenty-four fact witnesses identified by the parties reside in the Southern District of Texas. Of the remaining eight, one is deceased, two are the Plaintiffs and five reside out-of-state. Similarly, four of the eight expert witness live in the Southern District, with the remaining four living out-of-state.

Defendant seeks to transfer venue to the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. § 1404(a).[3] Defendant

---

1. Title 28 U.S.C. § 1332(a) provides, in relevant part:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $50,000, exclusive of interest and costs, and is between citizens of different states ...

It is undisputed that this action involves an amount in excess of $50,000. Both of the Plaintiffs are citizens of Nevada; the Defendant is a citizen of Delaware and Texas.

2. Title 28 U.S.C. § 1441(a) provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

3. Title 28 U.S.C. § 1404(a) provides:

asserts that the factors which determine whether transfer of venue is proper weight in favor of transfer. Plaintiffs counter by responding that their choice of forum should be respected.

Because this court finds that this action has no connection with the Eastern District of Texas, Defendant's Motion to Transfer Venue is GRANTED, and this action is transferred to the Southern District of Texas, Houston Division.

## ANALYSIS

■ Transfer of venue is governed by 28 U.S.C. § 1404(a).

The first requirement of the statute is that venue be proper in the proposed district. This is met as Defendant resides in Houston, Texas.[4]

■ The decision to transfer is within the sound discretion of the district court. *Time, Inc. v. Manning,* 366 F.2d 690, 698 (5th Cir.1966). To determine whether venue should be transferred, the court should take into account factors which fall into two groups: (1) those relating to the convenience of the litigants; and (2) those relating to the public interest in the fair and efficient administration of justice. *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508–09, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947); *Walter Fuller Aircraft Sales v. The Rep. of the Philippines,* 965 F.2d 1375, 1389 (5th Cir.1992).

■ The convenience factors break down into the following: (1) plaintiff's choice of forum; (2) the ease of access to sources of proof; (3) the cost of obtaining attendance of witnesses and other trial expenses; (4) the place of the alleged wrong; and (5) the possibility of delay and prejudice if transfer is granted. *Walter,* 965 F.2d at 1389.

■ The public interest factors consists of: (1) the relative backlog and other administrative difficulties in the two jurisdictions; (2) the fairness of placing the burdens of jury

duty on the citizens of the state with the greater interest in the dispute; (3) the local interest in adjudicating local disputes; (4) the appropriateness of having the jurisdiction whose law will govern adjudicate the dispute in order to avoid difficult problems in conflicts of laws. *Walter,* 965 F.2d at 1389.

Although some of the factors outlined above weigh against transfer of venue, this court is convinced that, in this case, a transfer to the Southern District of Texas, Houston Division, is warranted.

Mortensen was employed by in the Houston division of Defendant corporation throughout his 31 year career. At no time was Mortensen employed in the Eastern District of Texas. The Southern District is clearly better situated than is this court to obtain evidence regarding Mortensen's working conditions and other sources of proof.

The vast majority of the witnesses, both fact and expert, reside in the Southern District. None reside in the Eastern District. The Southern District forum, therefore, offers lower costs for obtaining witnesses and other trial expenses.

The place of the alleged wrong is Defendant's Houston, Texas operation; again, the Southern District is favored over this court. Additionally, the case is in the early stages, so there is little chance that a transfer of venue would create appreciable delay or prejudice.

The Southern District has a superior interest in adjudicating this local dispute. The cause of action arises solely out of activities occurring in the Southern District. There is absolutely no connection between this suit and the Eastern District. As between the Southern and Eastern Districts, the Southern District has a stronger interest in monitoring activities that occur within its jurisdiction.

Additionally, it is only fair that residents of the Southern District bear the burden of jury

---

For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

4. Title 28 U.S.C. § 1391(c) provides:
 ... a corporation shall be deemed to reside in any judicial district in which it is subject to jurisdiction at the time the action is commenced.

duty in this case since its residents have more of an interest in ensuring that Defendant conducts itself properly than would a resident of the Eastern District.

Furthermore, no conflicts of laws issues favor the Eastern District over the Southern District. Texas tort law will govern the dispute without regard to forum.

■ Plaintiffs argues that substantial consideration should be given to their choice of forum. Normally this is true. However, courts have held that a plaintiff's choice of forum is afforded less deference when the plaintiff does not reside in the forum chosen[5] or when none of the operative facts occurred within the forum selected by plaintiff.[6] Both of these conditions are at work here.

Accordingly, transfer to the Southern District of Texas, Houston Division, is warranted.

### ORDER

Before the court is the Defendant's Motion for Transfer of Venue. After considering the Motion, this Court is of the opinion that the Motion should be GRANTED.

---

5. *E.g., Windmere Corp. v. Remington Products Inc.,* 617 F.Supp. 8, 10 (S.D.Fla.1985).

6. *Morgan v. Illinois Central RR Co.,* 161 F.Supp. 119, 120 (S.D.Tex.1958).