**ROCK BIT INTERNATIONAL, INC.**

v.

**SMITH INTERNATIONAL, INC.**

No. 1:96–CV–0660.

United States District Court,
E.D. Texas,
Beaumont Division.

March 6, 1997.

Bryan Adam Terrell, Stevens & Baldo, Beaumont, TX, Pamela A. Hunter, Jerry W. Gunn, Houston, TX, Giles Robert Kibbe, Weller, Green, McGown & Toups, Beaumont, TX, for Plaintiff.

Thomas R. McDade, McDade & Fogler, Houston, TX, George Michael Jamail, Bernsen, Jamail & Goodson, Beaumont, TX, Ivan J. Mlachak, Feldman & Rogers, Houston, TX, Jeffrey W. Tayon, Leslie V. Payne, Conley, Rose & Tayon, Houston, TX, for Defendant.

### *MEMORANDUM ORDER*

COBB, District Judge.

Rock Bit International, Inc., alleges it is a small company in Fort Worth, Texas, with a patent (or patents) upon which Smith International, Inc., a large, global corporation, has repeatedly infringed in various locations in East Texas. Plaintiff, Rock Bit, does not allege any acts of infringements occurred in the Beaumont Division of the Eastern District of Texas.

Smith has offices in various Texas towns in the Eastern District, including Tyler, as does Rock Bit. Neither has an office or place of business within the Beaumont Division. Smith's principal executive offices are located at 16740 Hardy Street, Houston, Texas (Smith's 10K, Exhibit B, Plaintiff's Brief in Opposition). Most, or all of the relevant documents and officers are located there. Plaintiff's principal and lead attorneys are in Houston, Texas, in the Greenway Plaza, a distance of not more than five miles of the United States Courthouse in Houston. Defendant's principal and lead attorneys are in downtown Houston, less than one mile from the United States Courthouse in that city. Plaintiff erroneously asserts Beaumont, and its United States Courthouse, are 75 miles from Houston, and all of Harris County are within 100 miles of this Court.

Pursuant to 28 U.S.C. § 1404(a), Smith understandably filed a motion to transfer this cause to the Southern District, Houston Division. Plaintiff resists on the sole ground that civil actions in the Eastern District are disposed of faster than in the Southern District

of Texas because our early implementation of a Civil Justice Expense and Delay Reduction Plan, applies to all civil cases, while the Southern District, with more judges, more cases, both civil and criminal, takes longer to dispose of cases. Both plaintiff and defendant attempt to interpret the statistical report of the United States Courts to support their positions. Neither analysis is persuasive, nor truly relevant.

This court, and many others, have ruled previously in a number of other cases (noted in the margin)[1] that the usual deference accorded the plaintiff's choice of forum is of minimal value when none of the parties reside in this division of this District. This is such a case.

Speed of disposition of lawsuits without any Beaumont connection is not a valid reason for forum shopping. If it were otherwise, why would the plaintiff not choose Kansas, South or North Dakota, or the famed "rocket docket" of the Eastern District of Virginia? If federal courts took cases on this basis alone, this court could become a congested court, and our docket would balloon with cases without any rational relationship to our District, or to our judicial resources.

It is, therefore, ORDERED that defendant's motion to transfer is GRANTED, and this case is hereby TRANSFERRED to the Southern District of Texas, Houston Division.

Furthermore, the parties are ORDERED to file nothing further on the resolved issues in this Court, especially motions to reconsider or the like, *unless* they can present *compelling* and *relevant* new evidence or legal authority which they could not, through the exercise of due diligence, have presented on original submission of this motion. *Any and all* further relief shall be sought in due course from the appropriate appellate court.

The parties shall each bear their own costs incurred herein to date.

IT IS SO ORDERED.

1. *Time, Inc. v. Manning,* 366 F.2d 690, 698 (5th Cir.1966); *Rich v. Southern Gulf Operators,* 879 F.Supp. 49, 51 (E.D.Tex.1995); *Mortensen v. Maxwell House Coffee Co.,* 879 F.Supp. 54, 56 (E.D.Tex.1995); *In the Matter of TLC Marine Services, Inc.,* 900 F.Supp. 54, 56 (E.D.Tex.1995); *Anadigics, Inc. v. Raytheon Co.,* 903 F.Supp. 615, 618 (S.D.N.Y.1995); *Ricoh Co., Ltd. v. Honeywell, Inc.,* 817 F.Supp. 473, 481 n. 17 (D.N.J.

1993); *Ardco Inc. v. Page, Ricker, Felson Marketing Inc.,* 25 U.S.P.Q.2d 1382, 1386 (N.D.Ill.1992) (Attached as Exhibit "C" to Smith's Motion); *Levinson v. Regal Ware, Inc.,* 14 U.S.P.Q.2D 1064, 1065–66, n. 3 (D.N.J.1989); *S.C. Johnson & Son, Inc. v. Gillette Co.,* 571 F.Supp. 1185, 1187–88 (N.D.Ill.1983); and *Fletcher v. Exxon Shipping Co.,* 727 F.Supp. 1086, 1087 (E.D.Tex. 1989).