Michael RUTH, Plaintiff,

v.

KLI, INC. f/k/a Keller Ladders, Inc., Keller Ladders, Inc. and Wal–Mart Stores, Inc. d/b/a Sam's Club, Defendants.

No. 1:00–CV–645.

United States District Court, E.D. Texas, Beaumont Division.

March 7, 2001.

Don Bush, Bush, Lewis & Roebuck, Beaumont, TX, for plaintiff.

Arthur Scot Chase, Matthiesen Chase & Erwin, Houston TX, for defendant.

## MEMORANDUM OPINION

COBB, District Judge.

This is a products liability suit in which the plaintiff was injured when he fell off an allegedly defective ladder manufactured by one of the defendants and sold by another.

Defendants filed a motion to transfer venue under 28 U.S.C. § 1404(a). Because the Court finds that this action has no connection with the Eastern District of Texas, Defendants' motion is granted.

## I. Background

Michael Ruth sued KLI, Inc. (Keller Ladders) and Wal–Mart (Sam's Club) for injuries he suffered while using a KLI manufactured ladder purchased from Wal–Mart. Plaintiff alleges that he was "standing near the top of the ladder while it was resting against the front of his home when it suddenly, unexpectedly and without warning collapsed." He asserts strict liability, negligence, gross negligence, and breach of warranty causes of action against both defendants.

Defendants want to transfer the case to the Southern District of Texas. The gist of their motion is that venue is more convenient in that district.

## II. Analysis

 "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The decision to transfer a case is within the sound discretion of the district court. *See Peteet v. Dow Chemical,* 868 F.2d 1428, 1436 (5th Cir.1989). The movant has the burden to establish why there should be a change of forum. *See Enserch Int'l Exploration v. Attock Oil Co.,* 656 F.Supp. 1162, 1167 n. 15 (N.D.Tex. 1987). The threshold requirement is that venue be proper in the proposed district. *Id.* That requirement is met in this case since Defendants, out of state corporations, reside in Houston, Texas for venue purposes. *See* 28 U.S.C. § 1391 ("... a corporation shall be deemed to reside in any judicial district in which it is subject to

jurisdiction at the time the action is commenced.").

The next step in deciding a motion to transfer is to consider the decisional framework enunciated by prior courts. This framework requires a court to balance two categories of interests when determining whether to transfer a case: (1) the convenience of the litigants, and (2) the public interests in the fair and efficient administration of justice. *See International Software Sys., Inc. v. Amplicon, Inc.*, 77 F.3d 112, 115 (5th Cir.1996); *Walter Fuller Aircraft Sales v. The Repub. Of the Philippines*, 965 F.2d 1375, 1389 (5th Cir. 1992). The balance of interests convince the Court that a transfer is warranted.

### A. Convenience Factors

The convenience factors may include: (1) plaintiff's choice of forum; (2) the convenience of parties and witnesses; (3) the place of the alleged wrong; (4) the location of counsel; (5) the cost of obtaining the attendance of witnesses; (6) the accessibility and location of sources of proof; and (7) the possibility of delay and prejudice if transfer is granted. *See Fletcher v. Southern Pac. Transp. Co.*, 648 F.Supp. 1400, 1401 (E.D.Tex.1986) (collecting authorities).

Plaintiff correctly argues that the plaintiff's choice of forum generally carries substantial weight in deciding a motion to transfer. *See Schexnider v. McDermott Intern., Inc.*, 817 F.2d 1159, 1163 (5th Cir.), *cert. denied*, 484 U.S. 977, 108 S.Ct. 488, 98 L.Ed.2d 486 (1987). But courts have held that a plaintiff's choice is afforded less deference when the plaintiff does not reside in the chosen forum and when none of the operative facts have occurred in the chosen forum. *See Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir.1966); *Rock Bit Int'l v. Smith Int'l, Inc.*, 957 F.Supp. 843, 844 (E.D.Tex.1997); *Reed v.*

*Fina Oil and Chemical Co.*, 995 F.Supp. 705, 714 (E.D.Tex.1998). That is the case here.

Plaintiff's case simply has no factual nexus to the Eastern District of Texas. *See Robertson v. Kiamichi R.R. Co.*, 42 F.Supp.2d 651, 659 (E.D.Tex.1999). First, plaintiff is a resident of Harris County and has no connection to Jefferson County. These facts favor a transfer. Second, all of the operative facts occurred in the Southern District of Texas. Plaintiff purchased the allegedly defective product in Harris County, the marketing, sale, and use of the product occurred in Harris County, and the site of the accident is in Harris County. Moreover, all of the material witnesses reside in the Southern District of Texas. The Southern District, therefore, offers lower costs for obtaining witnesses and other trial expenses. Although defendants' counsel is also located in Harris County, this fact is counterbalanced by the fact that Plaintiff chose a Beaumont attorney. Finally, because this case is in the early stages, there is little chance that a transfer of venue will result in delay or prejudice to either side.

Thus, the convenience factors weigh heavily in favor of transferring the case to the Southern District.

### B. Public Interest Factors

The public interest factors also support a transfer. The public interest factors consist of (1) the administrative difficulties caused by court congestion, (2) the local interest in adjudicating local disputes; (3) the unfairness of burdening citizens in an unrelated forum with jury duty; and (4) the avoidance of unnecessary problems in conflict of laws. *See Int'l Software Sys.*, 77 F.3d at 115; *Walter*, 965 F.2d at 1389.

The Southern District has a stronger interest in adjudicating this dispute. All the witnesses and parties are in that district. The alleged product defect affects residents in that district. There is no evidence that the Southern District is subject to any administrative difficulties that would cause this case to languish. *See* Administrative Office of the United States Courts, *Federal Judicial Caseload Statistics* (Mar. 31, 2000). Neither party, therefore, will suffer any delay or prejudice from a transfer to that district. If the case were heard in the Eastern District, citizens in a community with no connection to the litigation would be forced to serve on the jury. That is not the case in the Southern District. Finally, no conflict of laws problems will result by such a transfer because Texas tort law will govern the dispute without regard to forum.

Thus, the public interest factors also weigh heavily in favor of transferring the case to the Southern District.

### III. Conclusion

Defendant has shown the Court that the convenience of the litigants and witnesses along with the public interest factors will be served best by transferring the case under § 1404(a). Therefore, the Court exercises its discretion to transfer the case to the United States District Court for the Southern District of Texas, Houston division.