Kenneth Brent **BARTON**

v.

Bill **YOUNG**, Former City of Tyler Police Chief; Ken Findley, Former Assistant City of Tyler Police Chief; Greg Grigg, Captain, City of Tyler Police Officer; Clayton Perrett Detective, City of Tyler Police Office, and the City of Tyler

No. 900CV259.

United States District Court, E.D. Texas, Lufkin Division.

April 10, 2001.

Jimmy Michael Negem, Negem Bickham & Clark, Tyler, TX, for Plaintiff.

Kevin Edward Oliver, Cooper & Scully, Dallas, TX, for Defendant Young.

D. Randall Montgomery, Steven Thomas Ramos, Strasburger & Price, Dallas, TX, for Defendants Findley, Grigg, Perrett o& Brown.

Robert Scott Davis, Flowers Davis, Tyler, TX, Louis Charles Edmond Van Cleef, Flowers Davis & Van Cleef, Texarkana, TX, for Defendant City of Tyler.

### MEMORANDUM OPINION

COBB, District Judge.

This is a civil rights action in which the plaintiff alleges that the defendants falsely arrested and imprisoned him for capital murder. Defendants filed a motion to transfer venue under 28 U.S.C. § 1404(a). Because the Court finds that this action has no connection with the Beaumont Division of the Eastern District of Texas, Defendants' motion is granted.

### I. Background

Louis J. Carlat was murdered on December 22, 1974, at his home in Tyler, Texas. The murder is unsolved. Approximately 24 years after the date of Carlat's murder, Plaintiff Kenneth Barton and his brother Clifton Barton were arrested for the crime and imprisoned in Smith County jail. They were arrested at the behest of the former police chief of the City of Tyler, Bill Young. After the grand jury declined to return an indictment against Plaintiff, a heated public dispute arose over the propriety and legitimacy of the Bartons' arrest. Plaintiff was ultimately released after being incarcerated for 24 days in Smith County jail. Kenneth Barton then brought suit against Young and several current and former members of the City of Tyler police force and against the City of Tyler. He alleges that he was wrongfully and unlawfully arrested and imprisoned in violation of the Fourth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. §§ 1983 and 1985.

Defendants want to transfer the case to the Tyler Division of the United States District Court for the Eastern District of Texas. They contend that venue is improper in the Beaumont Division and appropriate and more convenient in the Tyler Division. Barton contests the motion.

### II. Analysis

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district *or division* where it might have been brought." 28 U.S.C. § 1404(a) (emphasis added). The decision to transfer a case is within the sound discretion of the district court. *See Peteet v. Dow Chemical,* 868 F.2d 1428, 1436 (5th Cir.1989). The movant has the burden to establish why there should be a change of forum. *See Enserch Int'l Exploration v. Attock Oil Co.,* 656 F.Supp. 1162, 1167 n. 15 (N.D.Tex.1987). The threshold requirement is that venue is proper in the proposed district. *Id.* That requirement is met in this case since all the events that serve as the basis for Barton's lawsuit occurred in the Eastern District of Texas. *See* 28 U.S.C. § 1391(b). The parties disagree, however, over which division of the Eastern District should hear this case.

To determine whether the Tyler Division or the Lufkin Division is more

convenient, the Court must balance two categories of interests: (1) the convenience of the litigants, and (2) the public interests in the fair and efficient administration of justice. *See International Software Sys., Inc. v. Amplicon, Inc.,* 77 F.3d 112, 115 (5th Cir.1996); *Walter Fuller Aircraft Sales v. Repub. of the Philippines,* 965 F.2d 1375, 1389 (5th Cir.1992). The balance of this set of interests demonstrates that a transfer to the Tyler Division would serve the interests of justice. *See* 28 U.S.C. § 1404(a).

### A.   Convenience Factors

■    The convenience factors include: (1) plaintiff's choice of forum; (2) the convenience of parties and witnesses; (3) the place of the alleged wrong; (4) the location of counsel; (5) the cost of obtaining the attendance of witnesses; (6) the accessibility and location of sources of proof; and (7) the possibility of delay and prejudice if transfer is granted. *See Fletcher v. Southern Pac. Transp. Co.,* 648 F.Supp. 1400, 1401 (E.D.Tex.1986); *see also,* 17 James Wm. Moore et al., *Moore's Federal Practice* ¶ 111.13[1][b] (3d ed.1998) (listing factors and collecting authorities).

■    Plaintiff correctly argues that the plaintiff's choice of forum generally carries substantial weight in deciding a motion to transfer. *See Schexnider v. McDermott Intern., Inc.,* 817 F.2d 1159, 1163 (5th Cir.), *cert. denied,* 484 U.S. 977, 108 S.Ct. 488, 98 L.Ed.2d 486 (1987). But courts have held that a plaintiff's choice is afforded less deference when the plaintiff does not reside in the chosen forum and when none of the operative facts have occurred in the chosen forum. *See Time, Inc. v. Manning,* 366 F.2d 690, 698 (5th Cir.1966); *Rock Bit Int'l v. Smith Int'l, Inc.,* 957 F.Supp. 843, 844 (E.D.Tex.1997); *Reed v. Fina Oil and Chemical Co.,* 995 F.Supp. 705, 714 (E.D.Tex.1998). Because that is

the case here, Plaintiff's choice of the Lufkin Division is not entitled to greater weight than any of the other convenience factors.

■    The other factors indicate that Tyler is the more appropriate division. Plaintiff's case simply has no factual nexus to the Lufkin Division. *See Robertson v. Kiamichi R.R. Co.,* 42 F.Supp.2d 651, 659 (E.D.Tex.1999). First, Plaintiff is a resident of Anderson County, which is within the Tyler Division. He has no connection to the Lufkin Division. Second, all of the operative facts occurred in Smith County, which is within the Tyler Division. The City of Tyler's offices, personnel files and employees are located in Tyler. Defendants Findley, Grigg, Perrett and Brown reside and work within Tyler. Only one defendant does not reside in Smith County, and he resides in Harris County, which is in the Southern District, not the Lufkin Division of the Eastern District. All of the material witnesses reside in the Tyler Division. The Tyler Division, therefore, offers lower costs for obtaining witnesses and other trial expenses. Moreover, the convenience of witnesses may be considered "the most powerful factor governing the decision to transfer a case." *See Gundle Lining Const. Corp. v. Fireman's Fund Ins. Co.,* 844 F.Supp. 1163, 1166 (S.D.Tex.1994). Finally, because this case is in the early stages, there is little chance that a transfer of venue will result in delay or prejudice to either side.

Thus, the convenience factors weigh heavily in favor of transferring the case to the Tyler Division.

### B.   Public Interest Factors

■    The public interest factors also support a transfer. The public interest factors consist of (1) the administrative difficulties caused by court congestion, (2) the local interest in adjudicating local dis-

putes; (3) the unfairness of burdening citizens in an unrelated forum with jury duty; and (4) the avoidance of unnecessary problems in conflict of laws. *See Int'l Software Sys.,* 77 F.3d at 115; *Walter Fuller Aircraft Sales,* 965 F.2d at 1389.

The Tyler Division has a stronger interest in adjudicating this dispute. All the witnesses and parties are in that division. The County government that allegedly violated Barton's civil rights affects residents in the Tyler Division. There is no evidence that the Tyler Division is subject to any administrative difficulties that would cause this case to languish. *See* Administrative Office of the United States Courts, *Federal Judicial Caseload Statistics* (Mar. 31, 2000). Neither party, therefore, will suffer any delay or prejudice from a transfer to that division. If the case were heard in the Lufkin Division, citizens in a community with no connection to the litigation would be forced to serve on the jury. That is not the case in the Tyler Division. Finally, no conflict of laws problems will result by such a transfer because federal constitutional law will govern the dispute without regard to forum.

Barton's principal argument against transfer is that he and the Defendants would be subject to prejudicial publicity if his suit were heard in Tyler. He contends that the "massive press coverage that this case would generate in the Tyler Division would not only subject [him] to further ridicule and embarrassment but would also subject the Defendants to intense public scrutiny and probable criticism." (Pl.'s Resp. at 8.) This objection is invalid for at least two reasons. First, Barton need not be concerned with any scrutiny or criticism that Defendants might suffer since it is they who seek to transfer the case to the Tyler Division. They presumably believe that such a transfer is in their best interest. Second, Barton only speculates that

he will be subject to heightened ridicule and embarrassment if the case is administered in Tyler. It is true that pervasive prejudicial publicity might lead a court to conclude that a transfer under § 1404(a) is not in the interest of justice. *See Red Bull Associates v. Best Western, International,* 862 F.2d 963, 966 (2d Cir.1988) (denying transfer because public policy favored determination of "private attorneys general" civil rights cases in the forum of the plaintiff's choice). But Barton has not convinced this Court that he will not be able to receive a fair trial in the Tyler Division. If his arrest and imprisonment were as unlawful as he alleges they were and the public outcry as unified in its disapproval of the City of Tyler's actions, then he should welcome the opportunity to try his case in the Tyler Division.

Thus, the public interest factors also weigh heavily in favor of transferring the case to the Tyler Division.

### III. Conclusion

Defendant has shown the Court that the convenience of the litigants and witnesses along with the public interest factors will be served best by transferring the case under § 1404(a). Therefore, the Court exercises its discretion to transfer the case to the Tyler Division of the United States District Court for the Eastern District of Texas.